————o————

MARY ELFRANK by her next friend HERMAN ELFRANK, Plaintiff in Error, *vs.* DREKA SEILER, *et al.*, Defendants in Error.

1. *Slander—Words spoken in Dutch, set out in English, etc.*—In slander, when the petition charges that the words alleged to be slanderous were spoken in the Dutch language, but only the English translation is set out, if defendant answers over, he cannot object at the trial to the introduction of evidence, on the ground that the petition does not state facts sufficient to constitute a cause of action.

*Error to Bollinger Circuit Court.*

*Sutherlin and Wilson,* for Plaintiff in Error.

I. The petition is sufficient under the statute. (W. S., 519,

§ 1; 1020, § 43; 1013, § 3; Stieber vs. Wensel, 19 Mo., 513; Dowd vs. Winters, 20 Mo., 361; Atwinger vs. Fellner, 46 Mo., 276; Bersch vs. Dittrick, 19 Mo., 129; W. S., 1034, § 5.)

II. A failure to set out the words in the Holland language, when words are set out in the English language that are actionable *per se*, is not a failure to state a cause of action.

III. Defendant should have demurred. Failure to demur was a waiver.

*J. C. Noell and W. N. Nalle*, for Defendants in Error.

I. Under our statute (2 W. S., 1020, § 43,) commented upon and construed in case of Stieber vs. Wensel, 19 Mo., 513, and Atwinger vs. Fellner, 46 Mo., 276, it is not neccessary to set out the foreign words or aver that they were understood; but it is submitted that upon a strict and proper construction of that statute, the pleader having averred in his declaration that the words were spoken in the Holland language, must further aver that the words of slander given in English are a translation.

II. The proper mode of declaring, is to state the words in the foreign language and aver their signification in English, &c. (Heard, Libel and Slander, 238, § 210; 1 Stark., Slander, [1 Am. Ed.] 361, 411.)

SHERWOOD, Judge, delivered the opinion of the court.

Action of slander. The petition charged that defendant's wife spoke of and concerning the plaintiff, and her sister Anna, * * * the following false and slanderous words in the Holland language, and which language and the words spoken were understood by those who heard them, to-wit: Elfranks! *that mean people ; whoring folks !*" The words in the Dutch language were not set forth.

The answer of the defendants was the general issue.

The trial came on, a jury was impaneled, and the plaintiff offered to introduce evidence in support of the allegations of the petition; but this was objected to by the defendants, on the ground that the petition did not state facts sufficient to constitute a cause of action, in that, the words alleged to have

been spoken in the Holland language were not set out in the petition in that language, etc., etc.

The court sustained the objection, plaintiffs excepted, took a non-suit with leave, etc., filed a motion to set aside the non-suit and this being overruled, again excepted and brought this cause here by writ of error.

Our statute respecting practice in civil cases has worked a radical change in the rules of pleading which formerly prevailed when the common law had sway; and now, instead of being tested by Chitty, the "*sufficiency*" of the pleadings, except where otherwise specially provided, is to be measured by our Practice Act; and by reason of such change many trips and false steps which under the old *regime* would have proved fatal, are matters of no moment.

There are only *two* things under our liberal system which are fatal to a suit, and those are, first, that the petition does not state facts sufficient to constitute a cause of action, and second, that the court has no jurisdiction over the subject matter of the suit. And the fatality as to the first instance cited, may be obviated so far as concerns a formal sufficiency by amendment; but if the pleader refuse to amend, defeat awaits him.

Aside from this fatal defect in the pleading, the pleader has nothing to fear. His petition however inartificially drawn, if it but state a cause of action, is, unless objections are made either by demurrer or by answer, as valid to all intents and purposes as though prepared by the most skillful hand. For unless objections are made in the manner stated, they are deemed to be waived. (2 W. S., 1015, § 10.)

It will be observed too, that the word "*objection*" as used in this connection, is so used in contra-distinction to the word "*defense*" as employed in section twelve on the page following; so that it is to be fairly inferred, that objections under the statute go only to the formal manner in which the substantial averments of the petition are arranged.

If the substantial averments are there and the adversary overlooks mere formal defects, his statutory right to indulge

in critical objections is swallowed up in his statutory waiver.—
Thenceforward he must address himself to the merits of the
case.

And this is precisely the situation of the defendants here.

If they had by demurrer questioned the formal sufficiency
of the petition, in that it did not set forth *the words them-
selves* as spoken in the Dutch language, I am strongly inclin-
ed to the opinion, though not positively expressing it, that
the objection would have been successful.

But it comes too late now to avail the defendants any-
thing, after they have pleaded to the merits.

As the petition notwithstanding its lack of form, did state
facts sufficient to constitute a cause of action; did charge the
speaking of slanderous words actionable *per se*, the objections
of the defendants to the introduction of evidence by plaintiff
were ill-timed, and should have been overruled.

It follows that the judgment must be reversed and the
cause remanded. The other Judges concur.