REMBAUGH v. PHIPPS, *Appellant.*

1. **Conversion.** One who innocently obtains the property of another from a third party, may when informed of the right of the true owner, lawfully return it to the person from whom he obtained it, provided he does this before demand made or suit brought; but if he asserts any title in himself, or if he returns it after demand made, he will be guilty of conversion.

2. ————: VERDICT. The verdict in an action for conversion was: "We, the jury, find a judgment for plaintiff for the sum of $90." *Held,* informal, but sufficient in substance.

*Appeal from Pettis Circuit Court.*—HON. WILLIAM T. WOOD, Judge.

AFFIRMED.

*E. J. Smith* for appellant.

*Snoddy & Short* for respondent.

HENRY, J.—This is an action for the value of a spring wagon which plaintiffs allege defendant converted to his own use.

Plaintiff Rembaugh testified to his ownership and that he took it to a shop in Sedalia for repairs, and went to Colorado, leaving the wagon at the shop; was gone about three months, and when he returned, Wells, the mechanic with whom he left it, had left the county, and he could not find the wagon; that about a month after, he saw defendant driving it and using it as a delivery wagon for his grocery store; that he told defendant it was his wagon, and defendant said he had traded for it; they then parted, and within an hour plaintiff went to defendant's store and defendant told him he had taken the wagon back to the man he got it from; about three days after he again saw defendant, who told him he got the wagon of Frank Sprague, who had taken it back; witness went to Sprague's stable and found the tongue but not the wagon. Tetuo

testified that defendant told him he got the wagon of Sprague.

Defendant testified that his delivery wagon was broken, and that he arranged with Sprague to use the wagon in controversy a week, and, if it suited, would trade for it; drove it himself, and the first trip he made with it Rembaugh claimed it; witness went to the store, left the wagon, and told Sprague what Rembaugh said, and told Sprague to get the wagon, which he did; that defendant did not have it in his possession exceeding four hours. He contradicted Rembaugh, but it is sufficient to say, that there was a conflict of testimony, with respect to the value of, and length of time defendant had possession of, the wagon.

For plaintiffs the court instructed the jury: "If the jury believe from the evidence that plaintiffs were the owners of the wagon in controversy, and that plaintiffs had left the same with Wells, for the purpose of having it repaired, and that afterward plaintiffs, or either of them, in search of said wagon, found it in possession of defendant, and when plaintiffs, or either of them, claimed and demanded said wagon, as owners, from defendant, he, then being in possession thereof, claimed he traded for said wagon, or retained possession thereof in opposition to the claim of plaintiffs, then he was guilty of a conversion of the same, and is liable to plaintiffs for the full value of the wagon."

For defendant the court instructed the jury that the burden was on plaintiffs to prove ownership and conversion of the wagon; also, as follows: "Although the jury may believe the wagon in question was the property of plaintiffs, yet if they believe the only connection defendant had with it was to get it from Sprague to use, and try and see whether it would suit him, with a view to trading for it, and when he found that plaintiff claimed it he returned it to Sprague, and did not have anything more to do with it, then the jury will find for defendant."

Of his own motion, the court gave this: "That if

the jury believe the wagon in controversy was and is the property of plaintiffs, and further believe that at the time this suit was brought, or shortly before, defendant had obtained and had possession of the same, and appropriated and converted said wagon to his own use, the jury will find for plaintiffs, and assess the damage at the value of the wagon. But if the jury believe from the evidence that about the time or shortly before the bringing of this suit, defendant had borrowed said wagon from witness Sprague, having no knowledge of plaintiffs' right in or claim to said wagon, and only had possession of it three or four hours, and while so in possession, being informed by plaintiff that the wagon was his, he immediately returned the wagon to Sprague, and further believe that he so returned it before suit was brought or demand made by plaintiff, they will find for defendant."

The jury returned this verdict: " We, the jury, find a judgment for plaintiff for the sum of $90."

The instructions correctly declared the law applicable to the case.

Appellant contends that the verdict is not responsive to the issues. The suit was for damages for the conversion of the wagon. The verdict is informal, but it clearly enough appears that it is a verdict in favor of plaintiffs for $90 damages. All concurring, the judgment is affirmed.