GROVE v. THE CITY OF KANSAS, *Appellant.*

1. **Pleading**: PRACTICE: JEOFAILS. If a material matter is not expressly averred in the pleadings, but is necessarily implied from what is stated therein, the defect is cured by verdict in favor of the party so pleading. If the defendant in such a case pleads to the merits, he thereby waives the objection to mere formal defects, and will not be heard on the trial to object that the petition does not state a cause of action. Such objection can only be interposed when the petition altogether fails to state any cause of action, not where one is defectively stated.

2. **Practice in Supreme Court**: WEIGHT OF EVIDENCE. When there is any evidence to support the verdict of the jury, or when the evidence is conflicting, the settled rule of this court is not to reverse a case upon the mere weight of evidence.

3. **Practice**: INSTRUCTIONS. Under the circumstances of the present case, the objection that the jury did not take the instructions with them to their room, came too late when made for the first time by motion for new trial.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

*Henry N. Ess* for appellant.

*Tichenor & Warner* for respondent.

RAY, J —The petition in this case was as follows, to-wit: Plaintiff states that defendant is and was, at the dates

hereinafter mentioned, a municipal corporation, duly incorporated under the laws of the State of Missouri; that on the 3rd day of February, 1877, while plaintiff was carefully passing on and along the sidewalk on the east side of Main street, between Tenth and Eleventh streets, in defendant's corporate limits, she was thrown upon said sidewalk and into a cellar underneath the same, by reason of the dangerous, unsafe and insecure condition of the trapdoor in said sidewalk; that plaintiff then and there received great and permanent bodily injuries, her wrist being then and there broken and mutilated, and she received other great injuries, and was made sick, sore and lamed and disabled, and she still remains disabled, and has suffered great pain by reason of said injuries; that defendant, well knowing the unsafe, dangerous and insecure condition of said sidewalk, as aforesaid, disregarding its duty, carelessly and negligently suffered and permitted the same to remain in such unsafe, dangerous and insecure condition, well knowing that said sidewalk was a part of said Main street, the same being one of the principal thoroughfares in said city; wherefore, plaintiff says she is damaged in the sum of $5,000, for which sum she asks judgment.

The answer was, 1st, A general denial; 2nd, Contributory negligence by plaintiff. The reply put in issue the new matter set up in the answer.

At the trial, the defendant objected to the introduction of any evidence for the plaintiff, for the reason that the petition did not state facts sufficient to constitute a cause of action, in this, that it is not alleged that the city ever accepted the original dedication of the street at this point, or that it had ever assumed control over the same, in any way whatever. The objection was overruled and duly excepted to; and thereupon plaintiff offered evidence on her part tending to support the petition. The defendant, also, offered evidence on its part tending to disprove it, except, that on the trial it expressly admitted that the sidewalk was constructed in pursuance of an ordinance of

the city council, and that Main street, of which said sidewalk formed a part, was a street of the defendant. There was no objection to the instructions given for the plaintiff; and all the instructions asked by the defendant were given, except the first, which was in the nature of a demurrer to the evidence, and is as follows: "The court instructs the jury that there is no evidence of negligence on the part of the defendant, and that the plaintiff cannot recover." This instruction was refused, and duly excepted to by the defendant. The jury returned a verdict for the plaintiff for $2,700 damages. In due time the defendant filed its motion for a new trial, for the reasons generally stated: That the petition was insufficient, and that no testimony ought to have been admitted; that there was no evidence of negligence; that the first instruction of the defendant ought to have been given; that the verdict was against the law and evidence; that the damages were excessive; and that the jury retired to their room and made and reached a verdict without having with them, for their guidance, the instructions. Pending the motion for a new trial, the plaintiff remitted $700 from the verdict, and thereupon the court overruled the motion and rendered judgment for $2,000, being the amount of the verdict, less the $700 remitted by the plaintiff—to which action of the court the defendant duly excepted and brings the case here by appeal.

The grounds relied on for a reversal of the judgment in this cause, are, 1st, That the petition does not state a cause of action; 2nd, That the first instruction asked by the defendant should have been given; 3rd, That the damages are excessive; and 4th, That the instructions, as given, should have been carried by the jury to their room for a guidance to a correct verdict, according to the law and evidence.

On the first point, the case of *Bowie v. Kansas City*, 51 Mo. 454, (see pages 459, 460, 461 and 462,) and the case of

**1. PLEADING: practice: jeofails.** *Elfrank v. Seiler,* 54 Mo. 134, and the principles and authorities there contained and cited are decisive of this case, and settle the question adversely to the claim of the defendant. The doctrine of these cases, taken together, is, first, that " If a material matter be not expressly averred in the pleadings but is necessarily implied from what is expressly stated therein, the defect is cured by verdict in favor of the party so pleading, on the presumption that he has proved upon the trial the facts insufficiently averred ;" and secondly, that if the defendant, in such cases, pleads to the merits, he thereby waives the objection to mere formal defects, and will not be heard, on the trial, to object that the petition does not state a cause of action. Such an objection can only be interposed, at the trial, where the petition fails altogether to state any cause of action, and not to the case where a cause of action is defectively stated. Such an objection at the trial is only allowable where the petition is radically and not formally defective. Where the defect is such that it would be cured by verdict, it cannot be taken advantage of in this way, but must be taken by demurrer or answer in the regular way. If, however, the objection is such that a motion in arrest would reach it, then it can be reached, on an objection to the introduction of any evidence at the trial, otherwise not. Tested by the principles and authorities stated and cited in the foregoing cases, when taken together, the petition in this case is manifestly good after verdict, and the defects therein, if any, being formal, rather than vital, cannot be reached at the trial on an objection to the introduction of any evidence on the part of the plaintiff, as was attempted in this case. Such an objection, if not taken by demurrer or answer in the regular way, is waived by pleading to the merits. § 3519, R. S. 1879. In this case, also, the proof of the only facts insufficiently alleged, according to defendant's objection, is not left to presumption as in the case of *Bowie v. Kansas*

*City;* but, as we have seen, is expressly admitted by the defendant on the trial.

There was no error in the refusal of the first instruction for the defendant. When there is any evidence to

2. PRACTICE IN SU-
PREME COURT:
weight of evi-
dence.

support the verdict of the jury, or where the evidence is conflicting, the settled rule of this court is not to reverse a case upon the mere weight of evidence. In looking at the testimony in this cause it appears that the trap-door in the sidewalk in question, led to the cellar under the clothing house of J. A. Poll & Co., situated on east side of Main street, between Tenth and Eleventh streets, in a populous part of the city; that said trap or cellar door was a double door closing in the middle and running crossways the sidewalk; that the doors, when shut down, in their place, were even with and constituted a part of the sidewalk; that when closed, they rested on strips or cleats fastened to the sills or frames below, and that these strips formed their main support; that each door or shutter was also further secured and adjusted to their proper places by hinges on each; that these hinges were frequently broken and out of repair, and when broken, the doors would not of themselves, when being closed, fit down in their proper places, so as to rest on the strips below, their main support, but would swing around out of place, and had to be shoved into their place, and stamped down by those engaged in opening and shutting them; that this trap-door, in the sidewalk, was of frequent use by those going in and coming out of the cellar; that this part of the street and sidewalk was in one of the most populous parts of the city; and that streams of persons going both ways were almost constantly passing on and over the same; that the broken condition of the hinges to the trap-door gave much bother and inconvenience to those having occasion to open and shut them by reason of getting out of place and having to be shoved and stamped in order to force them into position and upon their proper support below; that this process of being

forced into position, was of frequent occurrence and con-- sumed some time, during all which, passers were going and coming over them; that at the time of this accident, and for some considerable time before, the hinges were broken and had been observed by all those having occasion to use them, by the policeman on that beat of the city, and were open and exposed to the view of all passers-by; that the city engineer, whose duty it was to look after defects and obstructions in the sidewalks and streets, was in the frequent habit of passing that way and of calling at the door and sidewalk, in front of said clothing house, where the trap-door was situated, and might have observed the same, and the condition of its hinges, if he had noticed and been on the lookout, as was his duty as such engineer. And it further appears that at the instant of this accident, Mr. Horn, the clerk of the clothing house, who had had occasion to go in and out of the cellar, was in the act of closing this trap-door, or rather was shoving it into its place and stamping upon it to force it into position, by reason of its broken hinges, when the plaintiff was passing and attempted to go over it. It also appears that this stamping upon the door to force it into position, rendered necessary by the broken hinges in question, caused the strip below on which it rested to give way and thus precipitate the plaintiff into the cellar and occasion the injuries complained of. Under all these circumstances we cannot say that there was no evidence of negligence on the part of defendant and its authorities in the premises. This was a question for the jury, under the instructions of the court, which were not objected to, and they having found against the defendant, it is not our province in such case to interfere with their finding.

The objection that the jury did not take the instructions with them, to their room, when they retired to con-

3. PRACTICE: in- sider of their verdict, under the circum-
structions. stances of the case, is not well taken. It does not appear that the jury called for them or that the

court refused to allow them to take them, or that the counsel on either side asked or requested that the jury might take them. It does appear that said instructions were read to the jury at the trial and commented on by both parties, and that the jury returned without them, without any objection by the defendant or its counsel. Under such circumstances, it is too late for the defendant to raise this objection for the first time in its motion for a new trial.

The objection that the verdict is excessive, is, we think, without merit, especially after the remitter in question.

As no error appears in the record, the judgment of the special law and equity court of Jackson county, at Independence, is affirmed. All the judges concur.