R. STEELE RYORS, Respondent, v. GEORGE W. PRIOR,
Appellant

Kansas City Court of Appeals, July 2, 1888.

1. PRACTICE—PLEADING—WAIVER OF OBJECTIONS—CASE ADJUDGED.
Under the practice act of this state (Rev. Stat., sec. 3519), all
objections to the petition, excepting only the jurisdiction of the
court over the subject-matter of the action, and excepting the
objection that the petition does not state facts sufficient to consti-
tute a cause of action, are deemed waived, unless they be made by
demurrer or answer. All objections to mere formal defects (as
the one here) are waived by pleading to the merits, and are cured
by verdict. The requirement that the petition specify the term of
the court is one of form merely.

2. ——— VERDICT—SUFFICIENCY OF TO SUPPORT JUDGMENT—CASE
   ADJUDGED.—Under the provisions of sections 3629 and 3654,
   Revised Statutes, relating to verdicts, when the issue is for the
   recovery of money only, etc., the verdict, if for the plaintiff,
   should also assess the amount of the recovery. But *held*, that the
   verdict in this case, though informal, was sufficient, being, "We,
   the jurors, find for the plaintiff one thousand dollars."

APPEAL from Osage Circuit Court, HON. RUDOLPH
HIRZEL, Judge.

*Affirmed.*

The case is stated in the opinion.

G. T. WHITE and TRABER & GIBSON, for the appellant.

I.   We claim that the petition is insufficient both
in its heading or caption and in its conclusion. The
first paragraph of section 3511 of the practice act, in
stating what a petition shall contain, says, among
other things, that it shall specify the term of the court.
This being a positive command, we insist that it does
not fall within the defects that are cured by verdict. In
the case of *Pier v. Heinrichoffen*, 52 Mo. 335, EWING,
J., referred to this section, and says that the forms of
pleading, as well as the rules for their sufficiency, are to
be determined by this section. And although the stat-
ute at that time did not contain this requirement, yet it
has now become part of the section, and entitled to the
same respect as the original.

II.   Then as to the concluding part. Although the
statute does not call for it, yet, on examination of all
the forms given in the statute, and particularly when it
is on an account, the petition invariably concludes with
an averment that the amount sued for is then due. And
as these forms, years ago, were adopted by a legislative
act which has not been repealed, I take it that they have
all the force and effect that they would have if incorpo-
rated in the practice act itself. The case of *Brown v.
Kimmel*, 67 Mo. 430, is a suit for attorneys' fees and

bill of items filed as in this case, and the petition asks for judgment "for the balance due." Besides, while the petition is in some respects minute in its details, in setting out the contract sued on, there is nowhere any showing as to what time defendant was to pay plaintiff. The pleadings on both sides show that payments had been made, and defendant, in his answer, avers that he paid him all that he owed ; and taking out the two one thousand-dollar items, and the two hundred and fifty-dollar item referred to in our statement, it will be seen that plaintiff's bill was more than paid. The two hundred and fifty-dollar item shows from the remarks that are opposite it that it should not have been included in the claim sued for, there being no showing that Lambeth would have employed plaintiff, or that he would have paid him that sum, or any other sum, for his services. And as this shows on its face that plaintiff was not entitled to any of this, we are left to infer that the jury, in making up their verdict, and in computing the amount, may have counted this in and included it in their verdict. And if so, this of itself ought to be ground for reversing the judgment. The remark opposite the item is substantially part of the petition. It was of itself a cause of action that might have been sued on by itself. And if it had been so sued on, no pleader would insist that plaintiff had a good cause of action, if his averments in the petition were the same as the words that are here used. And the fact that defendant not having demurred to it, an answering don't cure the defect. And this is a defect of a character that is not cured by the verdict. And the defect is properly brought to the attention of the court by motion to arrest judgment. It falls within the rule as laid down in Gould's Pleading, chapter ten, sections twenty to twenty-three and forty-four.

III. This is not a case in which the averment is defectively stated, but there are omissions of the necessary averment. *Clinton v. Williams*, 53 Mo. 144 ; *Langford v. Sargen*, 40 Mo. 160 ; *Corpenny v. Sedalia*,

51 Mo. 88 ; *Jaccard v. Anderson*, 32 Mo. 188 ; *Welch v. Bryan*, 28 Mo. 30. Here the gist of the action is omitted, and hence not cured by verdict. *Hart v. Wine Co.*, 91 Mo. 419, 420.

IV. Again we insist that the court erred in directing the jury to disregard all evidence offered by defendant in support of his counter-claim. No demurrer had been filed to it, nor had any denial been made that put the matters as therein set out in issue. In fact, the allegations and claim stood as confessed. While the statute (sections 3524, 3525, and 3526) requires plaintiff, by way of replication, to deny any new matter that may be set up in the answer, it was not sufficient merely for a reply to defendant's answer, and then deny all the new matter therein contained. This, we insist, leaves the counter-claim unanswered and confessed. And even outside of this, the reply does not come up to what we would consider a sufficient answer to the new matter, as the above sections of the statute require. *Watson v. Hawkins*, 60 Mo. 550 ; Bliss on Pleading, secs. 393, 396. The verdict is insufficient in its finding, and so written on a separate slip of paper, and so worded, that no court should be sustained in receiving it in such form and entering up a judgment on the same. There is nothing in this paper to indicate that the finding was on the issues in the case, as required by section 3628 of the statutes. But on the other hand, it would seem, from the way they report to the court, that plaintiff had lost some money, and these men come into court and report that they, as jurors, and not a jury, had found one thousand dollars that had belonged to plaintiff, and to be sure to indicate that they are not doing it as a jury, one of them signed his name, giving only the initials of his Christian name, and adding to it the word forman, and not foreman, and there is nothing in it to indicate that he was foreman of the jury. And until the clerk, after they had been discharged, wrote on the back of the slip of paper the names of plaintiff and defendant, there was nothing about it to indicate what it was

intended for, or to show in whose favor or against whom the verdict was intended to have been rendered. Again, we insist that the finding of the jury is not sufficient, there being nothing to indicate that their finding was on the issues, and that they made a computation or assessment of the amount due. *Cates v. Nickell*, 42 Mo. 169; *Cattel v. Pub. Co.*, 88 Mo. 356; *Litton v. Rogers*, 39 Tex. 152; *Heath v. Lynch*, 96 Ill. 406; *Davy v. Webb*, 28 Conn. 540; 3 Graham and W. on New Trials, 1378; *Wynn v. State*, 1 Blatchford, 28; Archibald's Crim. Prac. 667, quoting 4 Bl. Com. 360.

SMITH, SILVER & BROWN, for the respondent.

I. The objection that the petition does not allege the term of court to which the action was brought comes too late after verdict. It was at most a cause of action defectively stated. *Roberts v. Walker*, 82 Mo. 200; *Grove v. City*, 75 Mo. 675. Where one "pleads to the merits he thereby waives objections to formal defects and will not be heard on the trial (*a fortiori* after trial) to object that the petition does not state a cause of action." *Grove v. City*, 75 Mo. 675. Besides the term of the court sufficiently appears from the entire record. And courts will take judicial notice of terms of court. 65 Mo. 183; 64 Mo. 382.

II. The petition is good certainly after verdict against the objection that it does not state the fees sued for were due. (*a*) The account, on its face, purports to state that the fees therein named are due. (*b*) The petition charges that defendant was to pay a reasonable compensation for plaintiff's services stated in the account. The compensation was, therefore, due immediately on the rendition of the services. 40 Barb. 119. Where no time for payment is specified in a note, it is payable on demand. 1 Daniel Neg. Inst., sec. 88. In this case suit was a demand. Rev. Stat., sec. 1018. (*c*) Although a material fact is not expressly averred, yet if it is necessarily implied from what is stated in the petition, the latter is good after verdict. *Grove v. City*, 75 Mo. 675;

*Boone v. City,* 51 Mo. 461. Taking the averments of the petition and the account together it is certainly to be implied that the fees sued for were due.

III. (*a*) The counter-claim is part of the answer (Rev. Stat., sec. 3521), and, therefore, the denial of the new matter in the answer necessarily denied the facts set up in the counter-claim. (*b*) Besides the case having been tried on the theory that the counter-claim was denied, it is too late for defendant to raise that question after trial. *Howell v. Reynolds,* 51 Mo. 154. (*c*) Again the court directed the jury to disregard the counter-claim, to which no exceptions were saved. The action of the court in so doing, is not rightly raised in the motion in arrest of judgment. *White v. Caldwell,* 17 Mo. App. 691.

IV. Even if the two hundred and fifty-dollar item in the account did not fall within the averment of the petition, this was no ground for arresting the judgment. (*a*) Because objection to evidence, as to the item, was the proper course. No evidence is preserved in the bill of exceptions. The verdict is conclusive on the facts. *Kimmel v. Benna,* 71 Mo. 645. (*b*) The item itself was a proper charge. *Kersey v. Garton,* 77 Mo. 645; *McElhinny v. Kline,* 6 Mo. App. 94.

V. The verdict sufficiently shows that the issues were passed on by the jury. *Rembaugh v. Phipps,* 75 Mo. 422. We ask for an affirmance of the judgment with ten per cent. damages. Rev. Stat., sec. 3777.

HALL, J.—This was an action by plaintiff on account, for services rendered by him as an attorney.

Several objections are urged by defendant, who is the appellant here, which we cannot consider, for the reason that the defendant as respects them did not save his exceptions. The defendant urges that the petition is fatally defective for two reasons: (1) Because the petition fails to specify the term of the court at which the action was brought; (2) because the petition fails to allege that the account sued on was due at the time of the institution of the action.

The first objection is based upon section 3511, Revised Statutes, which provides that the petition shall contain: "First, the title of the cause specifying the term, and the name of the court and the county in which the action is brought, and the names of the parties to the action, plaintiffs and defendants." Under our practice act all objections to the petition, excepting only the jurisdiction of the court over the subject-matter of the action, and excepting the objection that the petition does not state facts sufficient to constitute a cause of action," are deemed waived unless they be made by demurrer or answer. Rev. Stat., sec. 3519. All objections to mere formal defects in the petition are waived by pleading to the merits, and are cured by verdict. *Grove v. City*, 75 Mo. 675. The first objection is to a formal defect. The requirement of the statute that the petition specify the term of the court, is a requirement as to form merely, and in no wise goes to the cause of action or the jurisdiction of the court. The fact that the requirement is made by statute is of no force. The question is, is the requirement one of form only; if it is, it matters not how it is made, by statute or otherwise. Being formal, it is waived unless the objection based on it is made as required by section 3519, Revised Statutes. The objection here was made after answer to the merits, and must be deemed waived.

The second objection is also untenable. This is an action on account for the value of services rendered by plaintiff as an attorney. The petition sets out the services rendered, states their value, and charges that the defendant had refused to pay them. Compensation for the services rendered, on the face of the petition, appears to have been due when demanded; and demand was made, because as alleged the defendant had refused to pay. Besides in this case suit was a demand. Rev. Stat., sec. 1018. The jury returned a verdict in these words:

VOL. xxxi—36

"We, the jurors, find for the plaintiff one thousand dollars.                    G. W. Pointer, Forman."

The point is made by defendant's counsel that the verdict is not sufficient under our statute to support a judgment. By section 3629, Revised Statutes, it is provided : "In every issue for the recovery of money only, or specific real or personal property, the jury shall render a general verdict." By section 3634, Revised Statutes, it is provided : "When a verdict shall be found for the plaintiff in an action for the recovery of money only, the jury shall also assess the amount of the recovery ; so also, if they find for the defendant in case of offsets or other demand for money." It was necessary for the jury to return in their verdict, not only a general finding in favor of plaintiff, but also the amount of the recovery in his favor assessed by them. The amount of the recovery was an issue in the case, and the jury had to return a finding thereon in their verdict. *Coates' Adm'r v. Nickell*, 42 Mo. 170 ; *Burghart v. Brown*, 60 Mo. 24 ; *Poulson v. Collier*, 18 Mo. App. 604. The verdict in this case was informal, but was in our opinion sufficient. It contained a general finding in favor of the plaintiff followed with the amount of such finding. This with sufficient clearness designated the amount named as the amount of the recovery assessed by them in plaintiff's favor. *Rembaugh v. Phipps*, 75 Mo. 422. In this case, which was an action for conversion, the verdict was : "We, the jury, find a judgment for the plaintiff for the sum of ninety dollars." Of this verdict the court said : "The verdict is informal, but it clearly enough appears that it is a verdict in favor of plaintiff for ninety dollars damages." As to the suggestions made by the defendant's counsel against the sufficiency of the verdict on account of its recital "We, the jurors" instead of "We, the jury," and of the mis-spelling of the word "Foreman" we deem it sufficient to say that such clerical inaccuracies cannot be permitted to destroy the verdict of a jury. After the verdict was read and the jury polled, the clerk

made the following indorsements upon the back of the verdict: "Ryors vs. Prior"—"The Verdict." The indorsement made by the clerk under these circumstances was sufficient to identify the verdict as the one returned in this case.

Judgment affirmed. All concur.