Anderson v. McPike.

REUBEN ANDERSON *et al.*, Respondents, v. AARON McPIKE, Appellant.

St. Louis Court of Appeals, May 13, 1890.

1. **Pleading**: MISJOINDER OF CAUSES OF ACTION AND PARTIES PLAINTIFF: WAIVER OF OBJECTION. An objection that there is both a misjoinder of parties plaintiff and of causes of action must be made either by demurrer or answer ; otherwise it is waived.

2. **Practice, Trial**: SEPARATE FINDINGS. When there are separate findings on different issues as to elements of damage, and the finding on one issue, which should not have been submitted to the jury, can therefore be separated from the aggregate assessment of the damages, the error in the submission of said issue is not ground for the setting aside of the entire verdict.

3. **Evidence**: GENERAL OBJECTION. Evidence, which is admissible for any purpose in a cause, cannot be excluded upon a general objection as to its relevancy.

4. **Practice, Trial**: SPECIAL INTERROGATORIES. The refusal of the trial court, while the law in regard to special interrogatories was in force, to submit to the jury interrogatories which are clearly leading and suggestive of the answer expected is not error.

*Appeal from the Hannibal Court of Common Pleas.*
HON. THOS. H. BACON, Judge.

AFFIRMED.

*Reynolds & Lewis*, for appellant.

*Elijah Robinson, I. C. Dempsey* and *John Farrell*, for respondents.

ROMBAUER, P. J.—Plaintiffs brought this action to recover from the defendant damages, caused by false and fraudulent representations made by him to them touching the financial condition of one Modisett, their debtor, and touching the value and title of certain

lands, which were formerly the property of Modisett, but, at the date of such representations, were held by the defendant. The plaintiffs, in their second amended petition, allege that, owing to such representations and relying upon them, they were induced to take the lands in full payment of their claims against Modisett, which were [then collectible in full, and that, owing to the land being much inferior in value than represented, and to a defect in the title, they suffered damages in the sum of four thousand dollars, for which they ask judgment.

The transaction took place in 1873, and the plaintiffs, it would seem, instituted suit shortly after discovery of the facts. The cause was repeatedly tried, resulting in verdicts for the plaintiffs. The verdict of the jury upon the last trial was for twenty-three hundred and thirteen dollars and ninety-nine cents, composed, as shown by the finding, of the following items : One thousand and ninety-six dollars for the difference between the value of land and the aggregate claims of the plaintiffs against Modisett; nine hundred and seventeen dollars and eighty-nine cents for interest on such difference up to the date of the finding at the rate of six per cent. per annum, and three hundred dollars for expenses incurred by plaintiffs in getting possession of the land from an adverse claimant. The court entered judgment upon this verdict.

The defendant, appealing, assigns for error that the court failed to sustain its motion in arrest of judgment; that it admitted illegal evidence against his objection; that it refused to submit certain special interrogatories to the jury at his request, and that it erred in its instructions to the jury.

After the trial preceding the last one, the defendant appealed to the supreme court, and that court reversed the judgment and remanded the cause. The opinion of the supreme court is reported in 86 Mo. 293, and its decision touching questions of law arising upon the

record is the law of the case, and, of course, conclusive upon us (*Metropolitan Bank v. Taylor*, 62 Mo. 338; *Adair County v. Ownby*, 75 Mo. 282; *Gaines v. Fender*, 82 Mo. 497), unless the facts developed on the retrial of the cause require a different decision to be applied thereto. *Musser v. Brink*, 80 Mo. 350.

The first error assigned arises in this manner. The plaintiffs, in their petition, state that Modisett was indebted to them in the sum of twenty-eight hundred dollars on promissory notes, without stating whether the notes were given to them jointly. The answer admits the indebtedness, but adds "that said indebtedness was several and not joint, as is alleged in said petition;" but the answer does not, in specific terms, object to the joinder of the two plaintiffs in one action. The proof shows that the indebtedness of Modisett to the plaintiffs was several in the sum of one thousand dollars to one, and in the sum of eight hundred dollars to the other. The defendant made no objection on that account to the evidence during the trial, but, at its close, asked an instruction in the following words:

"The court declares as a matter of law that, under the testimony in this case, there is a misjoinder of parties plaintiff, and a misjoinder of causes of action, and the verdict should be for the defendant."

The court refused the instruction, and the defendant, after verdict, made the same objection by motion in arrest of judgment, which the court overruled.

The point made by the defendant on this ruling is that there was a fatal misjoinder both of plaintiffs and causes of action, which was not waived under the provisions of sections 3515 and 3519 of the Revised Statutes, 1879.

The fact that several causes of action have been improperly united is made a ground of special demurrer by the provisions of section 3515, and, if *no objection is taken thereto* by demurrer or answer, it is necessarily

waived. We use the words *objection taken* advisedly, because the mere statement of the existence of a fact, and an objection taken on account thereof, are essentially different things. The section does not mention a misjoinder of parties, but only a defect of parties, and it has been held in other jurisdictions, under similar codes, that these terms are not synonymous. *Palmer v. Davis*, 28 N. Y. 242 ; *Bort v. Yaw*, 46 Iowa, 323 ; *Hinkle v. Davenport*, 38 Iowa, 355. In this state, the construction given to the statute has been otherwise. *Kellogg v. Malin*, 62 Mo. 431 ; *Edmonson v. Phillips*, 73 Mo. 60 ; *Pettingill v. Jones*, 21 Mo. App. 211. As intimated by Judge SHERWOOD in *Elfrank v. Seiler*, 54 Mo. 134, and decided by the Kansas City Court of Appeals in *Ryors v. Prior*, 31 Mo. App. 561, the only objections under our code, which are not waived by pleading over, are that the petition does not contain facts sufficient to constitute a cause of action, and that the court has no jurisdiction of the subject-matter.

As we take the view that the right of objection was waived, it is needless to decide whether the objection, if properly raised upon the record, would have been valid, a question on which we desire to be understood as not expressing any opinion.

Passing to the objections against the evidence admitted, we will first dispose of evidence touching the adverse occupancy by one Means of the land conveyed to the plaintiffs. It appeared upon the last trial of the cause, as upon the trial next preceding, that, in conveying the land, the defendant refused to agree to put the plaintiffs into possession. The supreme court, when the cause was before it on the former appeal, held that, by accepting the conveyance on such terms, it was no part of defendant's duty to put them into possession. The evidence on this subject was the same on the last trial as on the one next preceding. Evidence, therefore, on the subject of the nature of Means' occupancy,

and the expenses to which the plaintiffs were put in dispossessing him, was, under that decision, irrelevant to the issues, and should have been ruled out. But, as the jury made a separate finding on that subject, it can be segregated from their general finding, and there is no necessity for wholly setting aside the verdict on that account alone.

The defendant next objects that the court erroneously admitted in evidence a conveyance made by Modisett to the defendant in January, 1873, and shortly before the transaction, which gave rise to the present action, took place. The evidence of the defendant in regard to this matter was that Modisett made this conveyance to him for a pretended consideration of three thousand dollars in notes, but that the understanding between them was that he was not to keep the land, but should convey it to Modisett's wife and children and get back his notes, which arrangement was subsequently consummated. The defendant's counsel claims that this transaction, if fraudulent, was an independent and disconnected transaction from the fraud alleged to have been perpetrated on the plaintiffs, and hence evidence of a collateral matter, and wholly irrelevant to any issues in this case. The defendant further claims that the admission of the evidence had a tendency to prejudice the jurors against him.

The rule in this state is that evidence, which is admissible for any purpose in the case, cannot be excluded on a general objection as to its relevancy. *Union Savings Association v. Edwards*, 47 Mo. 445, 449. The objection made in this case was that the evidence was irrelevant. While it was evidence of a collateral transaction, it had a direct bearing on the question of the defendant's knowledge of the extent of Modisett's means, when he represented to the plaintiffs his embarrassed condition. For that purpose it was clearly admissible, and, if admissible for any purpose, it could not be excluded by the court for irrelevancy.

Anderson v. McPike.

As to the admission of the defendant's evidence, as preserved in a former bill of exceptions, it is not necessary to discuss whether it was proper or not, since his counsel in their statement filed in this court concede that there is nothing in it, which was not contained in his oral testimony at the trial in question; hence its admission was clearly not prejudicial.

We have examined the instructions given and refused, and have commented upon them in the original opinion filed in this cause. We have re-examined them and can only reiterate in general terms, what we then stated upon a detailed examination, that we see no error in these instructions, nor anything which is opposed to the views of the law expressed by the supreme court upon the last appeal of the cause.

When this cause was tried, the law providing for the submission of special interrogatories to juries was in force. The defendant asked the court to submit to the jury for their special finding four interrogatories, which the court refused to do. The first two related exclusively to the adverse possession of the land by Means, and, as on that question our conclusions are with the defendant, it is needless to set them out. The last two were as follows:

"3. In making the trade, did the defendant refer Reuben Anderson to James D. Biggs for information in reference to the value and quality of the land sold, and did Anderson apply to Biggs for information in reference thereto, and was such information obtained from Biggs?

"4. Did the defendant at the time of or before the sale of the land by him to plaintiffs inform both or either of them that Modisett had property enough to pay his debts, and have something left for his family, if Modisett's creditors would give defendant time to dispose of Modisett's estate?"

The law in regard to special interrogatories was in force in this state but for a comparatively brief period.

We are not aware of any decision of our supreme court relating to the form of the interrogatories which parties under the law had a right to demand. We gave the question an extended examination in *Benton v. Railroad*, 25 Mo. App. 155, and, although that cause was decided by a divided court, on the question which is decisive of this case the court was unanimous. The opinion delivered by myself and concurred in by Judge LEWIS held that "it is more consonant with the aims and objects of the law, and the proper administration of justice, that questions put to the jury should be governed by the rules applying to questions put to witnesses, and that it should be left to the sound discretion of the judge to permit or refuse a leading interrogatory, —merely intimating that it is the better practice to avoid them." In applying the law to the facts of that case we held that the court committed no error in refusing certain interrogatories, which were leading, although it would have committed none in giving them, because to give or refuse leading interrogatories was discretionary with the court. Judge THOMPSON, dissenting, went further and held that, "notwithstanding what may have been ruled in other jurisdictions, it would have been error for the court to give the leading interrogatories in this case." It will be thus seen that, whether we apply to the facts of this case the ruling of the majority of the court in the *Benton case*, or the individual views of Judge THOMPSON, we cannot put the trial court in the wrong, because the interrogatories asked and refused were clearly leading, and suggestive of the answer expected.

As above stated, we see no warrant, under the ruling of the supreme court upon the former appeal of the cause, for the recovery of the three hundred dollars' expenses to which the plaintiffs were put in obtaining possession of the land. The plaintiffs having heretofore remitted in this court three hundred dollars of the

judgment recovered by them, it. is now affirmed as to the residue, the costs of this appeal to be paid by the respondents. Judge THOMPSON concurs; Judge BIGGS, having been of counsel, does not participate in the decision.