Donahue v. Bragg.

PATRICK DONAHUE *et al.*, Respondents, v. WILLIAM C. BRAGG, Appellant.

### St. Louis Court of Appeals, April 19, 1892.

1. **Pleading:** OBJECTION TO PARTIES BY ANSWER. *Held*, BIGGS, J., *dissenting*, that, in order to raise the objection that there is a misjoinder of parties plaintiff, an answer must in terms object to the action on that ground; it will not suffice that the answer states facts, showing that the alleged cause of action of plaintiffs, suing jointly, is not joint but several.

2. ———: WAIVER OF SUCH OBJECTION. A party cannot at the same time raise issues of law and of fact going to the entire pleading of the adverse party; by raising the issues of fact, he waives those of law. *Held*, accordingly, that a defendant has not the right at the same time to answer the petition of the plaintiff and to demur thereto for misjoinder of parties.

3. **Limitation of Actions:** ATTORNEY AND CLIENT. The statute of limitations begins to run in favor of an attorney on a claim for money collected by him for his client, when the client acquires knowledge of the collection.

*Appeal from the St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*William C. Bragg*, for appellant.

*Zach J. Mitchell*, for respondents.

ROMBAUER, P. J.—This action is brought by the plaintiffs to recover from the defendant, who is an attorney-at-law, certain moneys belonging to them, which the defendant collected as agent of their former curatrix, Mary E. Donahue, and which he failed to pay over either to their curatrix or to them. On the trial of the cause by the court, without the intervention of a jury, there was a judgment for the plaintiffs. No

instructions were asked or given, but the defendant, appealing, complains that the judgment is erroneous upon the record; that the court erred in not sustaining his demurrer for misjoinder of parties plaintiff, and that the verdict is excessive under the evidence.

In support of the first assignment of error, the defendant contends that it appears upon the face of the petition that the plaintiffs' causes of action are several and not joint; that he filed his demurrer to the petition, alleging that fact as a special ground of demurrer, as well as the fact that several causes of action are improperly joined in the same petition, and that such demurrer was erroneously overruled by the court. The defendant further contends that he saved the same exception by objecting to the evidence, and by motion for new trial and in arrest of judgment, and cannot be held to have waived the same in any manner. While the point made is technical, and does not affect the equitable merits of the controversy, yet, if well taken, it necessarily must lead to a reversal of the judgment, because it is an elementary proposition that parties having several rights against the same defendant cannot enforce them in a joint action against him, if he objects. On the other hand a defendant, who insists upon an error of this character, must show it clearly by the record; otherwise we must uphold the judgment of the trial court, on the general presumption which upholds the validity of its judgment.

The plaintiffs' petition is in the following words:

"Plaintiffs for this their petition against defendant, complaining, state that during the years 1882 and 1885, inclusive, they were minors, but are now adults; that, whilst such minors and during the years aforesaid, defendant as an alleged attorney and agent of one Mary E. Donahue, the then curatrix of the estate of the said several minors, at divers times during said

years, collected of one Conant, of Ravenna, Ohio, divers large sums of money, to-wit, the sum in the aggregate of $1,900, and concealing the collection thereof from the said curatrix until long after her discharge as such, and until the —— day of ——, 1889, when plaintiffs had become adults as aforesaid, wrongfully converted the same to his own use, and wholly failed to pay the same or any part thereof to plaintiffs or to anyone else for and on their account, so that the same is still due and owing plaintiffs by defendant, and for which they pray judgment, with interest thereon from the wrongful conversion and concealment thereof as aforesaid.''

While this petition is inartificially drawn, it certainly admits of the construction that the moneys collected by the defendant for the curatrix were moneys in which the present plaintiff had a joint, and not a several, interest. If, as the testimony tends to show, their interests in the moneys were several and not joint, the defendant should have moved to require the plaintiffs to make their petition more definite and certain on that point. If then it would have clearly appeared by their petition thus amended that their interests were several, the defendant could have demurred on that ground, and the overruling of his demurrer would have constituted reversible error. On the other hand, the defendant might have taken the objection by answer in the first instance by stating that the interests of the plaintiffs in such moneys were several and not joint, and that for that reason he objected to their being joined as parties plaintiff in the same petition, or, in other words, he might have demurred by answer. Instead of pursuing either course thus indicated, the defendant demurred to the petition for misjoinder of parties plaintiff and causes of action, and filed his answer in which he states facts which, he claims, show

that the interests of the plaintiffs in the funds were several, but in which he in no way *objects* to a misjoinder on that account. · That such an answer is not sufficient to preserve the objection of misjoinder, we have decided in *Anderson v. McPike*, 41 Mo. App. 328, 331, to which ruling we must adhere.    It results from the foregoing that the objection is not properly saved by demurrer, because the objectionable misjoinder does not appear on the face of the petition, and is not properly saved, by answer, because *no objection is made* by the answer on account of the misjoinder.    Not being properly saved, it is necessarily waived, because, under our code and its construction by the court, by pleading over a party defendant waives every objection to the petition, except that it does not contain facts sufficient to constitute a cause of action, and that the court has no jurisdiction of the subject-matter of the action. R. S. 1889, sec. 2047; *Elfrank v. Seiler*, 54 Mo. 134; *Ryors v. Prior*, 31 Mo. App. 561.

There is, however, another technical objection which would preclude us from disturbing the judgment on the ground of error claimed to exist in the record proper.    The record does show at what date the defendant's demurrer was filed, but fails to show at what date his answer was filed, and is entirely silent on the subject which of the two pleadings was filed first.    For aught that the record shows, the defendant's answer might have been filed first in time, or might have been filed while the demurrer was pending and undetermined, and in either event the overruling of the demurrer would 'have been proper, because a party cannot at the same time raise issues both of law and fact going to the' *entire pleading* of the adverse party, and, by raising issues of fact, necessarily waives issues of law.    Our code does not permit of double pleading.

This brings us to the substance of the controversy. Outside of the general objection to the admission of evidence on the ground that the petition states no cause of action, which objection was repeated from time to time, the bill of exceptions shows no objection to any evidence. The defendant was called as a witness for the plaintiffs, and testified that he had collected certain moneys belonging to the plaintiffs, for which he had partially accounted to the curatrix, but it also appeared by that evidence that he had not fully accounted. The main controversy was about the credits to which the defendant was entitled. The defendant testified that he had thus collected in all $1,714.60, out of which sum he had accounted, in cash payments and deduction for legal services, for the sum $870.44, leaving a balance of $944.16 unaccounted for, and that in one item of this collection, amounting to $323.90, the plaintiffs had only a three-fifths interest, leaving as the entire amount due to the plaintiffs, exclusive of interest, $814.60. On the other hand the curatrix testified that she never received from the defendant more than $450 in all; that she never had employed the defendant for any other services except those rendered for her in the probate court in St. Louis, for which the defendant in his testimony claimed $25. According to the testimony of the curatrix $1,239.60 remained unaccounted for. The dates of the collections were between November, 1883, and September, 1885. Judgment was rendered, October, 1891, for $1,638.38. Taking the evidence of the curatrix as a basis of finding, and computing on it interest for seven years at six per cent. per annum, a judgment for $1,749.98 would have been warranted.

Touching the credits claimed by the defendant, we may say that the curatrix was an illiterate person, and could not sign her name. The defendant produced certain receipts, purporting to have been assigned by

her mark and attested by certain witnesses. The attesting witnesses were called by the defendant as witnesses on his behalf. Two of them denied that the attestation to receipts aggregating $414.05 were their signatures. The third admitted that an attestation to a receipt for $175 was in his handwriting, but stated that he saw no money paid, and was told that the attestation was a mere matter of form. The draft for $323.90, in which the defendant claimed the plaintiffs had only an interest of three-fifths, was payable to the curatrix in the same manner as all the other drafts which the defendant collected. It will be thus seen that the evidence was ample to support the finding in amount, and that defendant's complaint that the judgment is excessive is untenable, since, in the absence of instructions, we are not advised of the basis of computation adopted by the court.

The defendant in his answer pleaded the statute of limitations of five years as a defense in the following manner:

"Further answering defendant says that, at divers times during the years 1883 and 1885, he collected of one Conant, of Ravenna, Ohio, divers sums of money for one Mary Donahue, as curatrix of the several estates of Patrick Donahue, John Donahue and Susan Donahue, minors; that as and when he collected said several sums he duly notified the said Mary Donahue, curatrix as aforesaid, so that at said respective and several dates she had knowledge of said collections.

"That said Patrick Donahue reached his majority in January, 1886, John Donahue in September, 1888, and Susan Donahue in June, 1887.

"Wherefore, defendant says that, if by reason of the premises plaintiffs have any cause of action against the defendant, it did not accrue to them or any of them within five years of the commencement of this action."

Donahue v. Bragg.

The present action was instituted the tenth day of April, 1891. In regard to this defense it will suffice to say that there is no satisfactory evidence in the record of the fact stated in the answer, "that as and when defendant collected said several sums he duly notified said Mary Donahue, curatrix, as aforesaid," or that she had knowledge of said collections. Nor is there any satisfactory evidence that any of the plaintiffs had knowledge of such collections, as far as the same were withheld, at any time prior to the institution of the suit. While the law unquestionably is that limitation begins to run in favor of an attorney on a claim for money collected for a client from the time of the latter's knowledge of the collection (*McClurg v. Hill*, 7 Mo. App. 579), the evidence should be clear and uncontroverted that the client had such knowledge to enable the defendant to invoke the statutory bar as a matter of law. In this case the evidence at bests tends to show that the curatrix knew that the defendant had collected *some money* for her wards. There is no direct evidence that she knew of the extent of the collections, or that they exceeded the amounts accounted for. As to the two last items collected exceeding $1,000 in amount, there is no evidence that she knew of the date or amount of the collections. Giving to the defendant the benefit of the most favorable construction of the statute in his behalf which the evidence admits of, yet we can find no error in the record on that question. As no instructions were asked or given, it does not appear whether the court found against his claim of limitation because it was not well taken in law or because it was unsupported by the facts. Nor does it appear that the court has erroneously applied the law to the conceded facts; as it is not conceded by the evidence that either the plaintiffs or their representatives had that knowledge of the date and amount of the collections made by

The State v. Heckart.

the defendant, which is essential to the running of the statute.

It results from the foregoing that there is no error in the record warranting a reversal of the judgment. In that view all the judges concur. Judge BIGGS is of opinion that the rule established in *Anderson v. McPike, supra*, is too technical, and that a defendant sufficiently saves his exceptions for misjoinder of parties plaintiff by stating the facts constituting such misjoinder in the answer without objecting *in terms* to the misjoinder, while Judge THOMPSON and myself adhere to the opinion that the rule of pleading established in *Anderson v. McPike* is the correct rule. It will be seen, however, that, even if the objection would have been made by answer, the result would still remain the same, since the evidence in the case does not conclusively show that the right of the plaintiffs in the funds sued for was several and not joint, and, in the absence of such showing, the question was one of disputed fact, which should have been submitted to the jury for their finding under instructions. No instructions were asked in this case by either party.

The judgment is affirmed. All the judges concur.