D. W. FINNEY *et al.*, Appellants, v. E. M. RANDOLPH,
Respondent.

### Kansas City Court of Appeals, February 1, 1897.

**Trial Practice:** MISJOINDER: ANSWER: DEMURRER. Where the misjoinder of parties plaintiff is apparent upon the face of the petition, such question can be raised only by demurrer; and if defendant answers over, he waives such objection and can not subsequently withdraw his answer and demurrer, nor can the court by reserving such question on the demurrer suspend the operation of the statute.

*Appeal from the Linn Circuit Court.*—HON. W. W.
RUCKER, Judge.

REVERSED AND REMANDED.

*A. W. Mullins* for appellants.

(1) The plaintiffs were properly joined in the action on the contract against the defendant. It is a contract made by the plaintiffs jointly as parties of the first part and the defendant as party of the second part. Both plaintiffs had an interest in the contract, and having such interest it was proper for them to jointly sue. 1 Parsons on Contracts [5 Ed.], 13, 14; *Clark v. Cable*, 21 Mo. 223; *Rainey v. Smizer*, 28 Mo. 310; *Thieman v. Goodnight*, 17 Mo. App. 429, 435. (2) But if there was a misjoinder of parties plaintiff—which I deny—the same was apparent on the face of the petition, and therefore the question could be raised only by demurrer, and as the defendant did not demur to the petition, but filed his answer in the first instance, he was not entitled thereafter to withdraw his answer and file demurrer, for by answering he had conclusively waived such defect, if it existed, and in any view of the

case the demurrer was properly overruled by the court. The question as to whether or not the plaintiffs were properly joined was not open to further consideration by the court. R. S. 1889, secs. 2043, 2047, pp. 540, 541; *State to use v. Sappington*, 68 Mo. 454; *Loan & Trust Co. v. Brown*, 59 Mo. App. 461; *Paddock v. Somes*, 102 Mo. 226, 235; *Dodson v. Lomax*, 113 Mo. 555; *Pike v. Martindale*, 91 Mo. 268; *Ryors v. Prior*, 31 Mo. App. 555; *Anderson v. McPike*, 41 Mo. App. 328; *Kellogg v. Malin*, 62 Mo. 429.

*Harry K. West* for respondent.

(1) The contract sued on is a several contract and not a joint one. It is an agreement to pay to Finney $500 and to Maginnis $500, and is not a contract to pay to Finney and Maginnis $1,000 jointly. Being a several contract the plaintiffs have no joint right of action upon it, but each must sue for his respective interest. *Lindell v. Brant*, 17 Mo. 150; *Richey v. Bronson*, 33 Mo. App. 423, 424, 425; *Bowman v. Branson*, 111 Mo. 343, 363; *Cross v. Williams*, 82 Mo. 577; *Emmeluth v. H. B. Association*, 122 N. Y. 130. (2) It is not claimed by the defendant that the filing of an answer and going to trial on the merits is not, generally speaking, a waiver of a defect of parties. But when, as in this case, a demurrer to the petition on the ground of misjoinder is overruled by the court, "for the present" and the parties are notified that the court will further consider the question of misjoinder, "and that the defendant would be permitted to answer and go to trial on the merits," and should not be permitted to be prejudiced thereby and the defendant, relying upon such statement of the court, does file answer and go into trial, it does not lie in the mouth of the other party to say that the defendant has waived his right to object to the misjoinder.

To hold otherwise would be to authorize the setting of legal traps and spring-guns to catch confiding and unsuspecting victims. By sustaining the motion for a new trial in this case, the circuit court repudiated the spring-gun doctrine and, as respondent submits, did right.

SMITH, P. J.—The plaintiffs brought this action on a contract to recover of defendant the sum of $1,000.

It appears from the record before us that at the February term, 1894, of said circuit court, the defendant obtained continuance of the case, with leave of court STATEMENT. to file answer to plaintiff's petition in vacation of court after that term, and on March 23, 1894, the defendant filed his answer. At the September term, 1894, of said court, the defendant made application for a continuance of the case, which was overruled by the court, and thereupon a jury was selected and sworn to try the case. Then, by leave of court, the defendant withdrew his answer and filed a demurrer to plaintiff's petition. The demurrer was overruled by the court, and the defendant filed an amended answer, a part of which—setting up that there was a misjoinder of parties plaintiffs—was stricken out on the plaintiff's motion and the trial proceeded. The jury found for plaintiffs in the sum of $1,095.50. Defendant filed motion for new trial, on which the case was continued until the next term of court, when the motion was sustained by the court "on the sole ground of the misjoinder of parties plaintiffs," and on the further ground that it was announced by the court, when the demurrer was overruled, that if the court should conclude there was a misjoinder of parties plaintiffs, the fact that the defendant filed a second answer and went to trial would not be permitted to prejudice the right of defendant.

From this order of the court granting the defendant a new trial the plaintiffs appealed.

If there was a misjoinder of parties plaintiff, the same was apparent upon the face of the petition, and whether there was or not such misjoinder was an objection that could be raised in such case only by demurrer; and since the defendant did not demur to the petition, but filed his answer thereto, he was not therefore entitled to withdraw such answer and file a demurrer, for, by previously answering, he had conclusively waived the objection. Whether or not the plaintiffs were properly joined was a question that was not, after answer, open to further consideration by the court. R. S., secs. 2043, 2047; *Loan & Trust Co. v. Brown*, 59 Mo. App. 461; *State to use Saline Co. v. Sappington*, 68 Mo. 454; *Paddock v. Somes*, 102 Mo. 226, 235; *Dodson v. Lomax*, 113 Mo. 555; *Pike v. Martindale*, 91 Mo. 268; *Ryors v. Prior*, 31 Mo. App. 555; *Anderson v. McPike*, 41 Mo. App. 328; *Kellog v. Malin*, 62 Mo. 429.

TRIAL practice: misjoinder: answer: demurrer.

In the opinion of the court in the second of the above cited cases is found this paragraph, viz.: "But if we concede that Saline county was not the proper relator, still this concession does not aid the defendants, and for this reason, if defendants were desirous of testing the question, they should have stood on their demurrer, since the alleged defect was patent on the face of the petition, and could only be taken advantage of by demurrer and not by answer. 2 Wag. Stat., secs. 6, 10, pp. 10, 14, 15. When, therefore, the demurrer was overruled and defendant answered, they waived and abandoned whatever vantage ground they may have acquired by demurring (*Ware v. Johnson*, 55 Mo. 500), and could not raise the same question anew in their answer, in respect to defects."

Applying this statement of the law thus extracted,

and it is manifest that the defendants, by filing their answer, precluded themselves from afterward raising the objection of defect of parties plaintiffs, either by demurrer or answer. The right to raise the objection in the manner provided in the statute having been once waived, was gone and could not again be invoked. Nor could the court by its amendment hereinbefore referred to suspend the operation of the statute as to the case. We have been cited to no case sanctioning the practice of allowing a defendant to answer a plaintiff's petition, and after doing so, withdraw such answer and demur for misjoinder of parties plaintiff. If the right to raise such objection survives the filing of an answer, then we have misread the words of the statute.

The order of the circuit court setting aside the verdict is reversed and the cause remanded, with directions to the circuit court to reinstate such verdict and give judgment thereof for plaintiff. GILL, J., concurs, ELLISON, J., dissents.