MICHAEL PEMBERTON

*v.*

JOHN WILLIAMS.

87    15
41a   32
87    15
64a  605

87    15
109a ¹413

1. PRACTICE—*instructing jury to find for defendant.* Where the evidence tends to show that a plaintiff was compelled to pay more than was due on a purchase of land to procure a deed, and that he was induced to do so in order to complete an advantageous sale by him to another of the land, the latter purchaser being urgent to know that the plaintiff had a right to sell, it was *held*, in a suit to recover back the money paid in excess of what was due, that it was

error for the court to instruct the jury the law was with the defendant, and to find for the defendant, as invading the rightful province of the jury.*

2. PAYMENT—*when recoverable back.* Where the assignee of a purchaser of land, who has contracted to sell the land to another who demands to see his deed therefor, is compelled to pay the original vendor more than is due him, in order to get a deed to satisfy his vendee, and the payment is made under protest, it is a fair question of fact for the jury whether the payment is not involuntary, and made under a sort of moral duress, and if so, the excess above the real sum due may be recovered back in assumpsit under the common counts.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. A. T. EWING, for the appellant.

Messrs. ALLEN, BARNUM & ALLEN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was *indebitatus assumpsit*, in the Superior Court of Cook county, on the common counts, wherein Michael Pemberton was plaintiff and against John Williams, defendant.

The issue was *non assumpsit*, and tried by a jury, who, under instructions of the court, returned a verdict in favor of the defendant, and, refusing a motion for a new trial, the court rendered a judgment against the plaintiff for the costs, to reverse which plaintiff appeals.

The facts are briefly these : Appellee had sold a tract of land in McLean county to one Baker, taking six notes therefor on time, and executing to Baker a title bond for the land, five of the notes being each for the sum of four hundred dollars, and the sixth, last to be due, for three hundred dollars. The interest was to be paid annually, on the first day of March. The notes and bond were dated October 5, 1866. On October 9, 1868, Baker assigned the bond to appellant, who, being unable to read or write, made his payments to appellee through the Home Bank of Bloomington, acting as the agent of appellee. It appears that in the spring of 1875,

---

*See *Poleman* v. *Johnson*, 84 Ill. 269, and *Martin* v. *Chambers*, id. 579.

appellant bargained the land to one Slinglove, and requested appellee to send a deed to him, so that he might satisfy Slinglove, who was urgent in his demand for the deed. Appellee sent a deed to the care of the Home Bank, together with the three hundred dollar note mentioned above, with instructions to deliver them to appellant on his forwarding the title bond, and paying the note and accrued interest, claimed to amount in all to three hundred and sixty-five dollars. Appellant, supposing he had paid in full all the demand appellee had against the land, went to his attorney to make a computation of the interest and several payments he had made on these notes, and ascertain what balance was due from him to appellee. This was found, on the *data* thus presented, to be about fifty dollars, which amount appellant offered to pay appellee and surrender the bond on his receiving a deed for the land.

On this being communicated to appellee, he directed the bank to return the deed to him and the note, and refused to deliver a deed unless this sum of three hundred and sixty-five dollars was paid. Slinglove, to whom appellant had sold the land, being pressing in his demand for a deed, appellant went to the bank and paid into it, for the use of appellee, the sum demanded, being three hundred and sixty-five dollars, protesting the same was not due, and soon afterward the deed was delivered to him.

This action is brought for the difference between the amount really due appellee and the amount actually paid.

The court, on the trial, instructed the jury "that the law was against the plaintiff, and the verdict should be for the defendant." The jury found accordingly, and the court denied a motion for a new trial.

It is very clear, we think, the court, in so interposing, invaded the rightful province of the jury. There was testimony before the jury tending to show there were only fifty dollars due on the land, and when appellee demanded three hundred and sixty-five dollars as his due before he would deliver a

deed, it was a fair question for the jury, whether, under the circumstances by which appellant was surrounded, by the sale of the land to Slinglove, which falling through a good sale might be lost, the payment was not involuntary—made under a sort of moral duress. The jury should have been left free to pass on that point.

That money so paid may be recovered back in an action for money had and received, is settled by adjudications of this and other courts. *Bradford* v. *City of Chicago*, 25 Ill. 411, is full upon this question, in which reference is made to the leading English and American authorities, and it is unnecessary to cite them.

It is further complained the court refused appellant's instructions. Those instructions refused were all germane to the case, declared the law, and should have been given.

The judgment is reversed, and the cause remanded, that a new trial may be had.

*Judgment reversed.*