### LUCETTE S. STOOKEY

*v.*

### MOSES W. CARTER *et al.*

1. TENANTS IN COMMON—*power of one to give right of possession to a third person, to the exclusion of his co-tenants.* One of several tenants in common has no power to grant to a third person the right to the possession of the premises, so as to bar or postpone the right of the other tenants in common to maintain a bill for the assignment of dower and the setting off a homestead therein to such third person.

2. PRACTICE IN CHANCERY—*mode of objecting to misjoinder of parties.* The correct mode of presenting the objection that a part of the complainants in a bill in chancery are not proper parties, is by demurrer to the bill.

3. ERROR *will not always reverse—improper parties in chancery.* Although there be error in permitting an improper joinder of parties complainant in chancery, the decree will not be reversed if it be in other respects in conformity to equity.

4. WRIT OF POSSESSION—*whether properly awarded.* Upon bill in chancery to assign dower and set off a homestead to the defendant; where the decree provided for the extinguishment of the homestead right by the payment of $1000, and fixed the value of the dower interest to be paid, upon payment of the proper sum, or the tender thereof, the complainants are entitled to possession of the premises, they being the owners in fee; and in case of refusal on the part of the defendant to surrender the possession, a writ of possession may properly be awarded.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. CHARLES W. THOMAS, for the appellant:

The husbands of Hannah Primm and Melissa Carter are not proper parties complainant, and the objection was made by the answer. These persons had no rights against appellant that could be enforced in this suit, and no interest whatever,

9—92 ILL.

as far as the record discloses, in its event. *Hayner* v. *Smith*, 63 Ill. 430.

When the objection was made by appellant that these were not proper parties, the bill should have been dismissed as to them, and a decree taken in their favor against her is erroneous. *Beach* v. *Miller*, 51 Ill. 206.

No writ of possession should have been awarded in this case. The appellant was virtually a tenant in common, as well as dowress and owner of a homestead right. She had complied with the agreement between herself and James M. Stookey, one of the heirs, and was entitled to all his rights of possession as a tenant in common.

Messrs. G. & G. A. KŒRNER, for the appellees:

We think the objection that the husbands of Hannah Primm and Melissa Carter are not proper parties complainant, comes entirely too late. The bill sets out the facts in the case, and did show that the fee to the land in question was in their wives. If that was any inconvenience to appellant, she ought to have demurred. Her allegation in the answer, that they were the husbands, merely, did not state a new fact, and was not the proper mode of taking advantage of it. Nor was a motion made on final hearing to dismiss the bill as to them.

The case cited by appellant, 63 Ill. 430, was an action at law, where a husband and wife sued to recover rent on a lease signed by the wife alone, for her own land. The judgment was in favor of both, and the court very properly remarked that such a judgment would defeat the very object of the Married Woman's act, as in this way the husband could control the recovery, and deprive the wife of its enjoyment.

No such consequence can follow in this case. Besides, the husbands have rights in the land,—dower, as it is now called in our statute,—and in case of survivorship would have to pay the widow's yearly dower. While they may have been not absolutely necessary parties, their being parties affects no rights either of appellant or appellees' wives.

No decree in chancery will be reversed because, on error, it is alleged that there was an unnecessary party. *Valentine* v. *Fish*, 45 Ill. 462.

The rule of chancery practice is, when improper parties are made complainants the defendant must demur, and can not make the objection on error after the bill has been taken for confessed. *Burger et al.* v. *Potter et al.* 32 Ill. 66.

The writ of possession was properly awarded. Mrs. Stookey was not a tenant in common under the Stookey agreement, as, if she was, she could not properly have claimed dower in the whole of the land, which she did, and which she obtained.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in chancery, brought by Moses W. Carter and Melissa, his wife, Enoch W. Primm and Hannah, his wife, and James M. Stookey, against Lucette S. Stookey, to assign dower and set off a homestead in lots 12, 13 and 14, in Colemont's addition to the city of Belleville.

It is alleged in the bill, that the said Melissa, Hannah and James are tenants in common in fee of the lots; that the lots lie adjacent and form one inclosed lot, the dwelling house and improvements extending over all three of the lots; that Melissa, Hannah and James are the only children and heirs at law of one Samuel Stookey, deceased, and that they derive title to the lots by deed dated February 19, 1872; that Lucette S. Stookey was married to Samuel Stookey in 1870, and that she did not join in the execution of the deed; that she claims dower and a homestead in the premises.

The defendant, Lucette S. Stookey, put in an answer to the bill, under oath, in which the material allegations of the bill are admitted; and she also sets up in the answer, that James M. Stookey, on the 8th day of September, 1875, by his deed of that date, in consideration that respondent would pay his share of all taxes on the property, and keep the same in good repair, licensed and permitted respondent to occupy said homestead, free of rent, during the life of said James, or until re-

spondent should marry again,—neither of which events had happened when the bill was filed.

The complainants filed exceptions to that portion of the answer which set up, as a defence, the deed from James M. Stookey to defendant, which were sustained by the court, and this decision is assigned as error.

The instrument of writing relied upon by the defendant was as follows:

" In consideration that Lucette S. Stookey, widow of Samuel Stookey, shall, during the time hereinafter mentioned, pay our share of·all the taxes legally assessed on the homestead of the said Samuel Stookey, in the city of Belleville, Illinois, and keep said homestead in good repair, we hereby consent that she shall occupy said homestead free of any claim for rent from us during our lives, respectively; but in case of our death, or in case she should marry again or cease to occupy said homestead as a residence, then the license hereby granted to her shall cease upon the happening of any of the foregoing contingencies.

" Given under our hands and seals this 8th day of September, 1875.

JAMES M. STOOKEY.   [seal.]" 

This instrument was, doubtless, prepared with the view that all the complainants would execute it, and had this been done, so long as defendant complied with its terms and conditions they might have been estopped from invoking the aid of a court of equity to set off a homestead in the premises; but the mere fact that one of the three owners of the premises executed the agreement could not have that effect. One could not bind the other two by any agreement he might execute. The two owners who had not signed the agreement had the right to institute proceedings to set off the homestead, and it was not a sufficient answer to set up as a bar to the proceeding that one of the owners of the fee had executed the agreement. If a homestead right was capable of being divided into different parcels, there might be some force in appellant's position;

but it is not.   It is an entirety, and any one of the owners had the right to have the homestead set off, if the premises were susceptible of division, and if a division could not be made, then the homestead could be extinguished upon the payment of $1000.   It may be that James M. Stookey would be liable, in an action at law, to the defendant, for a breach of his agreement; but, however that might be, it is clear the agreement constituted no bar to the bill filed in this case.

It is next urged, that the husbands of Hannah Primm and Melissa Carter were not proper parties complainant, and the bill should have been dismissed as to them.   If appellant is correct in this position she should have demurred to the bill, as this is the correct mode provided by the chancery practice to reach a defect of that character.   *Burger* v. *Potter*, 32 Ill. 66.   But if an error was committed in this regard, it did the defendant no injury, and would be no ground for reversing the decree, which was, in other respects, in conformity to equity.

It is also urged, that the court erred in awarding a writ of possession.   After the payment of $1000 decreed for the homestead and the amount fixed by the decree for dower, the complainants would be entitled to the possession of the premises, and we perceive no reason why a writ of possession might not issue in case the defendant refused to surrender the possession of the premises.   The decree is so guarded that the defendant can not be disturbed in the possession of the property until the amount required to be paid her has been paid or tendered, and this is all she is entitled to ask or require.

After a careful examination of the whole record we perceive no error, and the decree will be affirmed.

*Decree affirmed.*