ELIJAH WELLS, Respondent, v. JAMES E. ADAMS et al., Appellants.

### Kansas City Court of Appeals, April 1, 1901.

1. **Appellate Practice: IMPERFECT PETITION: DIFFERENT COUNTS: OBJECTION TO EVIDENCE.** If the petition or either count thereof states a cause of action, even imperfectly, its sufficiency can not be questioned after pleading to the merits by objection to the introduction of the evidence at the trial.

2. **Pleading: PETITION: DECEIT: ACTION.** A count in a petition averred that defendant falsely represented that a certain deed of trust and notes correctly embodied the entire contract touching a loan and the plaintiff relied thereon and signed said instruments, but in fact a certain essential stipulation was designedly omitted to plaintiff's injury. *Held,* it stated the perpetration of a fraud on plaintiff.

3. ———: ———: ———: ———: **PAYMENT UNDER PROTEST.** If a lender who has designedly omitted a stipulation from a written contract, for the purpose of defrauding the borrower and preventing his paying his note at the expiration of two years, endorse and deliver the same to a third party and at the expiration of the two years the lender compelled the borrower to pay a bonus before he could discharge said note and redeem his property, or if, the borrower's straitened circumstances compelled him to submit to such an illegal exaction from the lender and he paid said bonus under protest, he is entitled to recover damages therefor.

4. **Payment Under Protest: MORAL DURESS: PERSONAL AND REAL PROPERTY: REMEDY.** Duress may be shown with respect to real property as well as personal so as to render payment on account of it involuntary and permit it to be recovered, even though there be a legal remedy.

5. **Pleading: FALSE REPRESENTATION: READING CONTRACT: ACTION: ESTOPPEL.** A petition set out in the opinion counting on false representations in regard to the contents of certain notes and deed of trust is held to state a cause of action even though the defendant did not read the contract at the time of signing, since one perpetrating a fraud can not say his victim ought not to have believed him.

6. **Trial Practice: GENERAL FINDING: MOTION IN ARREST.** Though there should be separate findings when the petition contains several counts declaring on different causes of action, yet a general finding can be taken advantage of only by motion in arrest.

7. ———: **FOLLOWING LATEST DECISION.** Courts of appeals will follow the last decision by a court of appeals on the question in controversy where for twenty years it has been uncriticized, even though it would hesitate to declare such doctrine as an original proposition.

Appeal from Putnam Circuit Court.—*Hon. Nat M. Shelton,* Judge.

AFFIRMED.

*Wilson & Clapp* for appellants.

(1)    The petition discloses that the payment of the money was voluntary, there being no present and urgent necessity on Wells' part to pay it. Appellants' objection to the introduction of any testimony should, therefore, have been sustained. Buchanan v. Sahlein, 9 Mo. App. 552; Schell City v. Mfg. Co., 39 Mo. App. 264; Ass'n v. Hehlor, 7 Mo. App. 158; Wolfe v. Marshal, 52 Mo. 167; Dustin v. Farrelly, 81 Mo. App. 380; De La Cuesta v. Ins. Co., 9 L. R. A. 631. (2)    The evidence shows that the appellants were not responsible for the respondent's financial condition, and there was therefore no duress. Fout v. Giraldin, 64 Mo. App. 165; Hackley v. Headley, 45 Mich. 570. (3)    One who is *sui*

*juris* will not, in the absence of fraud, be permitted to avoid his written contract by showing that he did not read it or hear it read. Rothschild v. Frensdorf, 21 Mo. App. 323; Taylor v. Fox, 16 Mo. App. 527; Campbell v. Van Houten, 44 Mo. App. 231; Girard v. Car Wheel Co., 46 Mo. App. 79. (4) When the trial court is requested to make a special finding of facts under the statute, its findings must embrace all constitutive facts, except such as are admitted by the pleadings or about which there was no controversy at the trial. Fahy v. Grocer Co., 57 Mo. App. 73, and cases there cited. (5) Under the statute the trial court is required to find and state in writing not only every constitutive fact in issue, but also separately the conclusions of law therein, so that exceptions may be taken thereto. Cochran v. Thomas, 131 Mo. 258; Griffith v. Construction Co., 46 Mo. App. 539; Nichols v. Carter, 49 Mo. App. 401; Hamill v. Talbott, 72 Mo. App. 22. (6) Where a petition contains two or more causes of action, and they are tried together by the court sitting as a jury, a general judgment for the plaintiff is erroneous. McHoney v. Ins. Co., 44 Mo. App. 426.

*Childers Bros., A. W. Mullins* and *Franklin Bros.* for respondent.

(1.) "Though a petition is informal and the cause of action is defectively stated, still if it states sufficient facts to show a cause of action, the objection made at the trial to the introduction of any evidence should be overruled." Young v. Iron Co., 103 Mo. 324; Roberts v. Walker, 82 Mo. 200; Weaver v. Harlan, 48 Mo. App. 319; Lycett v. Wolff, 45 Mo. App. 489; Wright v. Radcliff, 61 Mo. App. 257; Grove v. City of Kansas, 75 Mo. 672; Hurst v. City of Ash Grove, 96 Mo. 168; Bowie v. City of Kansas, 51 Mo. 454; Elfrank v. Seiler, 54

Wells v. Adams.

Mo. 134. (2) The petition states a good cause of action, the finding of the court was for the right party, and to reverse the judgment would be to place a premium on acts of fraud and deception. Spurlock v. Railroad, 93 Mo. 530; McDermott v. Claas, 104 Mo. 14. (3) There was no error in the finding of fact. He is clearly liable. 1 Am. and Eng. Ency. of Law, p. 417; Singleton v. Mann, 3 Mo. 464; Fout v. Giraldin, 64 Mo. App. 165, erroneously cited by them as at p. 494, and Hackley v. Headley, 45 Mich. 570. (4) Every constitutive fact necessary, in order to entitle the respondent to recover, was found by the court. Cochran v. Thomas, 131 Mo. 258; Sutter v. Raeder, 149 Mo. 297; Vette v. La Barge, 64 Mo. App. 179; McCann v. Bailey, 60 Mo. App. 456; Brashears v. Tel. Co., 45 Mo. App. 433; Mackey v. Mayes, 73 Mo. App. 495; Nichols v. Carter, 49 Mo. App. 401; Hamill v. Talbott, 72 Mo. App. 22; Nichols v. Carter, 49 Mo. App. 401; Commission Co. v. Railroad, 80 Mo. App. 164; Erdbruegger v. Meier, 14 Mo. App. 258; Griggs v. Deal, 30 Mo. App. 152; Club v. Finlay, 53 Mo. App. 256; Stone v. Taylor, 72 Mo. App. 482; McQuillin's Pld. and Practice, sec. 931, p. 794, and cases cited. (4) The court stated its conclusion of facts found, hence there is no error in this assignment. The conclusion of law on all the facts found, is embodied in the judgment of the court. Cochran v. Thomas, supra. Appellants were not entitled to a finding of facts and declarations of law; they were entitled to the one only, not both. Tie Co. v. Kreilich, 80 Mo. App. 304.

SMITH, P. J.—The nature of this action will be best understood by reference to the plaintiff's petition, the first of the four counts therein contained being as follows:

Plaintiff states that the defendant, Orear, is, and was at all times hereinafter mentioned, what is commonly known as a

"loan agent;" that said Orear was at all said times engaged in soliciting loans for his co-defendant, Adams, and that the said Orear was the scrivener who drafted the necessary papers evidencing such loans so procured by said Orear for the said Adams.

Plaintiff, for cause of action, states that on or about the eighteenth day of February, 1896, while the defendant Orear was acting as the agent of the defendant Adams, plaintiff applied to the defendant Orear and procured, through him, from the defendant Adams, a loan of five thousand dollars; that the defendant Orear, as evidence of said loan, prepared and plaintiff jointly with his wife executed and delivered to the defendant Orear, as agent of the defendant Adams, their joint promissory note or bond for the principal sum of five thousand dollars, payable to the defendant James E. Adams, with five interest-bearing coupon notes, representing the annual interest of said principal loan at the rate of seven and one-half per cent per annum, and to secure the payment thereof, the defendant Orear prepared ready for execution, and the plaintiff executed, acknowledged and delivered to the defendant Orear, agent of the defendant Adams, a trust deed conveying to one Charles B. Linville as trustee, for the use and benefit of the defendant Adams, the legal title of, in and to four hundred and eighty acres of land situate in Sullivan county, Missouri.

Plaintiff further states that at the time he applied for said loan, it was agreed and understood by and between plaintiff and defendants, that plaintiff should have option of paying off and fully discharging said loan at the time of the second annual interest payment, or at any time thereafter; but plaintiff complains and charges the fact to be that the defendants, by covin and deceit, practiced by them in the preparation of the note and bond and trust deed securing same, and without the knowledge and consent of plaintiff, willfully omitted to insert

in said note or bond and said deed of trust said agreement, but on the contrary thereof in their purpose and design to willfully and wrongfuly compel plaintiff to keep the said five thousand dollars for a period of five years, deceitfully, and without the knowledge and consent of plaintiff, prepared said papers so that said note would fall due and be payable on the eighteenth day of February, 1901, and in the further purpose of defendants to cheat, wrong and defraud plaintiff, induced and procured plaintiff and his said wife to sign and execute said note or bond, the interest-bearing coupons thereto attached and the trust deed securing same, without disclosing to the plaintiff that said note or bond would fall due on the eighteenth day of February, 1901.

That plaintiff, believing and relying on the fact that said papers had been prepared as agreed upon by and between plaintiff and defendants, and that the same could be paid off and fully discharged on the eighteenth day of February, 1898, at the solicitation of the defendants, signed and executed the same without said papers having been read to plaintiff, and without knowing the contents thereof, but was deceived and overreached by the unfair and fraudulent practices and representations of said defendants and would not have executed said papers had he not been deceived by defendants.

Plaintiff further states that after the negotiation of said loan the defendants, in their further purpose and design to cheat, wrong and defraud plaintiff, and for the purpose of preventing plaintiff from paying off said loan as per agreement, on the ———— day of ————, 189—, the said Adams, well knowing that plaintiff could under said agreement, pay off and fully discharge said loan on the eighteenth day of February, 1898, indorsed in blank and delivered said note or bond, and the interest coupons thereto attached, to one R. W. Gardner.

Plaintiff further states that in pursuance of said agreement and relying on the fact that said loan could be paid off and fully discharged on the eighteenth day of February, 1898, on or about the first day of February, 1898, plaintiff informed defendants that he would pay off said loan on the eighteenth day of February, 1898; but plaintiff says, and further complaining, charges the fact to be that defendants refused to allow plaintiff to pay said loan as agreed upon, and that in the further design of the defendants to compel plaintiff to keep said money after the eighteenth day of February, 1898, and to force plaintiff to pay interest on said loan for a period of three years after the last-mentioned date, caused to be detached and paid the interest coupon note falling due on the eighteenth day of February, 1898, and demanded payment thereof, and in addition thereto, plaintiff says that the defendants, in violation of plaintiff's rights, wrongfully demanded of plaintiff, and plaintiff paid under protest a large sum of money, to-wit: the sum of $400.74 as a bonus for permitting plaintiff to pay off and discharge said debt.

Wherefore, plaintiff says that by reason of the wrongful acts of the defendants in preparing the note or bond and trust deed so as to fall due on the eighteenth day of February, 1901, instead of the true agreement and contract of plaintiff and defendants to pay said loan on the eighteenth day of February, 1898, the subsequent wrongful acts of defendants in compelling plaintiff to pay a bonus of $400.74 in order to pay off said loan, he has been injured and sustained damages in the sum of $400.74, for which he asks judgment, together with interest at the rate of six per cent from the eighteenth day of February, 1898, and for costs.

In the second count it is alleged that either through mistake or by deceit, Orear had prepared the papers so that the debt would not fall due until five years thereafter; instead of

drawing them up so as to permit him to pay it off in two years as had been agreed upon; that defendants refused to allow him to pay off the loan at the end of the second year unless he would pay the bonus; and that they demanded of him, and that he paid under protest, in addition to the legal rate of interest, $400, the bonus asked, for which he prayed judgment.

In the third count, it is further alleged that under plaintiff's contract with defendants, he was to pay no commission, but that being in straitened financial circumstances the defendants, knowing his condition, compelled him to pay them $127 for commission before they would turn over to him the money, for which $127, so paid under protest, he prayed judgment.

In the fourth count plaintiff alleges the same agreement to give him an option, and the refusal to insert it in the papers, as charged in the first count, and that without any knowledge to the contrary, and believing that the papers had been correctly prepared, he had executed them; that relying on the agreement he sold part of the land for $5,100 on condition that the deed of trust was released; that he informed defendants of his intention to pay off the loan, but they refused to allow him to do so; that the parties then refused to take the land at that price, and that he was compelled to and did sell it at a much less price; and that by reason thereof he had been injured and sustained damages in the sum of $500, for which he prayed judgment.

The answer admitted the loan but denied every other allegation of the petition. There was a trial before the court sitting as a jury, which resulted in judgment for plaintiff and defendant appealed.

At the inception of the trial the defendants objected to the introduction of any evidence by the plaintiff on the ground that neither one of the counts of the petition stated a cause of

action, in that it was disclosed by the allegations therein that the payment of the money was voluntary, there being no urgent necessity on the part of the plaintiff to pay it, which objections were by the court overruled; and this ruling of the court is here assigned as a ground for the reversal of the judgment. It has been declared in many cases in this State that if the petition or either count therein states any cause of action, or states it so imperfectly that it would be good after verdict or in arrest of judgment, the objection, after pleading to the merits, can not be taken by objecting to the introduction of evidence at the trial. McDermott v. Claas, 104 Mo. 14; Spurlock v. Railway, 93 Mo. 530; Hurst v. City of Ash Grove, 96 Mo. 168; Roberts v. Walker, 82 Mo. 200; Grove v. City of Kansas, 75 Mo. 672; Elfrank v. Seiler, 54 Mo. 134; Weaver v. Harlan, 48 Mo. App. 319; Wright v. Radcliff, 61 Mo. App. 257; Lycett v. Wolff, 45 Mo. App. 489.

It will not do to say that no cause of action was stated in either count of the petition. If the plaintiff contracted with the defendants for a loan for five years with the privilege of paying off the same after the expiration of two years, and if the defendants in writing the deed of trust and notes omitted therefrom the stipulation in respect to this privilege, and after doing so falsely represented to the plaintiff that such deed of trust and notes were so written as to correctly embody the entire contract between them touching the loan and its payment, and that plaintiff relied on such representations and therefore did not read said deed of trust and note and was thereby induced to sign such instruments, then this was a fraud perpetrated upon him.

If after the making of said note by the plaintiff, the defendant, with the intention of defrauding the plaintiff and preventing him from paying off said note at the expiration of two years, if he elected so to do, indorsed and delivered it to one

Gardner, and if afterwards, at the expiration of two years from the date of the note, the plaintiff applied to defendants to pay off and discharge said note and deed of trust, and the defendants could not or would not permit the same unless he would pay them a bonus of four hundred and seventy-four dollars, and if the plaintiff under the deed of trust and note as written by defendants was compelled to let the same run the whole period of five years before he could discharge the same and redeem his property, or if he was in straitened circumstances, pecuniarily, and it was necessary for him to disincumber his property by the payment of defendants' illegal exaction so that he could utilize it in relieving himself of his pecuniary embarrassment and from suffering serious prejudice, no reason is seen why, if under such circumstances he paid under protest the bonus demanded by defendants, the latter ought not to answer in damages to plaintiff for the legal wrong they have done him.

The facts which we have assumed are substantially pleaded in the petition. They conclusively show that the amount demanded by the defendants was not justly due, for, by the terms of the contract for the loan, the plaintiff reserved the privilege of paying the note given therefor at any time after two years. The only question is whether the payment of the bonus demanded was compulsory within the meaning of the law. In Fulham v. Down, 6 East. 26, it was held that an action for money had and received would lie if where an illegal demand had been paid under an urgent necessity. And it was further declared in that case that "where a voluntary payment was made of an illegal demand, the party knowing the demand to be illegal, *without an immediate and urgent necessity* (\* \* \* unless to redeem, or preserve his person or goods) is not the subject of an action for money had and received." This rule was quoted with approval in Fout v. Giraldin, 64 Mo. App. loc. cit.

171.   The case here is that the defendants "held the plaintiff by the wrists"—they had a large incumbrance on his lands. He was being pressed by other creditors and unless he could secure a release of the defendants' incumbrance, and thus be enabled to make a disposition of the property, he was likely to become a bankrupt, or, at least, suffer a great sacrifice and loss of his property.   In order to extricate himself from this embarrassing situation he must have his property disincumbered, and this could be accomplished only by the payment of the defendants' illegal exaction.   He was practically confronted with the question whether or not he should pay the defendants the amount exacted, or suffer the serious consequences to be reasonably apprehended from a refusal to do so. The payment under such circumstances, it seems to us, would be under an urgent necessity—under a kind of moral duress.

Duress may be shown with respect to real property as well as personal so as to render payment on account of it involuntary and permit it to be recovered back.   Joannin v. Ogilvie, 49 Minn. 564; Pemberton v. Williams, 87 Ill. 15; White v. Hazelman, 34 Pa. St. 142; Fraser v. Pendebury, 31 L. J. P. 1.   So it has been held that the payment under protest of a mechanic's lien filed upon an unfounded cause in order to clear the title of record so that the owner might comsummate a loan upon the property which he had negotiated in order to raise money to pay an overdue mortgage and other oppressing debts, when he had no available means of raising money, may be recovered back.   Joannin v. Ogilvie, supra. And even where, though there be a legal remedy, a person's situation or the situation of his property is such that the legal remedy would be adequate to protect him from irreparable prejudice, where circumstances and the necessity to protect himself or his property otherwise than by resort to the legal

remedy may operate as a stress or coercion upon him to comply with the illegal demand; in all such cases his act will be deemed to have been done under duress and not of his free will. Fargusson v. Winslow, 34 Minn. 384; State v. Nelson, 41 Minn. 25.

Both the above cases are illustrations where the danger of irreparable or serious prejudice was considered so great as to practically leave the party no choice but to comply with the illegal demand, and hence to render the payment involuntary. And in Joannin v. Ogilvie, supra, it was expressly stated that the modern authorities generally hold that in cases where there is such pressure or constraint as compels a man to go against his will and virtually takes away his free agency, and destroys the power of refusing to comply with the unlawful demand of another, will constitute duress irrespective of the manifestation or apprehension of physical force. And to the same effect is State v. Nelson, 41 Minn. 25, and Fargusson v. Winslow, 34 Minn. 384. And so it was held in Westlake v. St. Louis, 77 Mo. 47, that the payment of an illegal water license or charge under threat that if not paid the plaintiff's water would be shut off, which would result in a suspension of the operations of his foundry, was deemed a kind of moral duress, making payment practically compulsory. See Niedermeyer v. University, 61 Mo. App. 654. In a case like this it was not necessary for the defendants to be responsible for the plaintiffs financial condition as in Hackly v. Hadley, 45 Mich. 570.

The petition, when tested by the rules announced by the authorities to which we have referred, will, we think, be found to sufficiently state a cause of action. And, whether such petition states a cause of action or defectively states one, the result would be the same, for, in either case, according to the rule stated at the outset, it would not be subject to the objection defendants lodged against it. It can not be and is not

pretended that the allegations in none of the counts of the petition are sufficient to support the judgment.

The defendants further contend that since the plaintiff was *sui juris* he can not, in the absence of fraud, be permitted to avoid a written contract by showing that he did not read it or hear it read. The rule both at law and in equity is that one of sound mind must exercise ordinary prudence in conducting negotiations and in executing instruments. And while it is true that where one signs an instrument he must read it, if he can read, or have it read if he can not, yet this rule does not operate where a trick or artifice is resorted to for the purpose of preventing him from reading or having it read to him. And where one of the contracting parties can read and does not read a contract before signing it, but relies on the other party for a knowledge of its contents upon the reading of the other party, he can have relief. It is certainly not just that one who has perpetrated a fraud should be permitted to say to the party defrauded, when he demands relief, that he ought not to have believed or trusted him. Where one sues another for a positive willful wrong or fraud, negligence by which the party injured exposed himself to the wrong or fraud will not bar relief. If the rule were otherwise the unwary and confiding, who need the protection of the law the most, would be left a prey to the fraudulent and artful practices of evildoers. Nicol v. Young, 68 Mo. App. 448; Savings Institution v. Burdick, 87 N. Y. 40. Accordingly, we think both the allegations of the petition and the evidence were quite sufficient in this respect. The finding, too, of the court in respect to the fraud was fully justified by such evidence.

The court stated its conclusions of facts found separately from its conclusions of law. There were no declarations of law asked on the issues in the case. The general finding for the plaintiff was sufficient (Ins. Co. v. Trible & Pratt, decided at present term) to authorize the entry of a judgment which

can not be questioned except by a motion in arrest. When a petition contains several causes of action stated in as many counts, and there is a verdict of the jury or a finding of the court sitting as a jury for the plaintiff, every consideration of propriety requires that there should be a verdict or finding on each cause of action or count, and these should all be blended in one judgment. Mooney v. Kennett, 19 Mo. 554; Clark, Adm'r, v. Railway, 36 Mo. 216; Pitts v. Fugate, 41 Mo. 405; State ex rel. Collins v. Dulle, 45 Mo. 269; Bigelow v. Railway, 48 Mo. 510; Owens v. Railway, 58 Mo. 394; Seibert v. Allen, 61 Mo. 482.

According to the cases just cited, a general judgment in such case will, on a proper motion for that purpose, be arrested. But in the present case the record does not show that the defendants filed any motion in arrest of the judgment, but it does show that they filed a motion for a new trial. An imperfect verdict or finding, or a neglect to find on all the issues, can be taken advantage of *only by motion in arrest.* Commission Co. v. Railway, 80 Mo. App. 164; Erdbruegger v. Meier, 14 Mo. App. 258; Finney v. State, 9 Mo. 642.

It has been nearly twenty years since the majority opinion in 14 Mo. App., supra, was written, yet we have not found that it has been criticised or overthrown by any subsequent case, and, therefore, we feel constrained to follow the rule it declares. We may say, however, in view of the reasoning of the dissenting opinion in the case by Judge THOMPSON, if the question were *res nova* we should long hesitate before yielding our assent to the correctness of the majority rule.

The objection made by the defendant to the verdict was not taken by a motion in arrest and can not, therefore, be noticed by us.

Our conclusion is that on the pleadings and evidence the judgment is clearly for the right party and should not be disturbed; it is accordingly affirmed. All concur.