O. E. Florin and Edwin M. Clark, Appellees, v. Charles Rayman, Appellant.

### Gen. No. 19,009.

1. INJUNCTIONS—*where prima facie case for specific performance made.* Where a bill to enforce specific performance of a contract for the purchase of real estate shows a *prima facie* case, a temporary injunction to restrain defendant from prosecuting a suit to recover a deposit paid on such purchase is properly granted.

2. INJUNCTIONS—*appeal.* On appeal from an interlocutory order granting an injunction, defendant is in the same position as though he had demurred to the bill and can raise only such questions as he could have raised by demurrer.

3. SPECIFIC PERFORMACE—*statute of frauds.* The defense of the statute of frauds to a bill for specific performance of a contract to convey land can be raised by demurrer only where it appears from the face of the bill that the contract is not evidenced by a writing duly signed.

4. INJUNCTIONS—*joinder of improper party as complainant not reversible error.* On an appeal from an interlocutory order grant-

ing an injunction, the joining of an improper party as complainant is not reversible error where it worked no injury to defendant.

Appeal from the Superior Court of Cook county; the HON. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed December 30, 1912.

JONAS, MORLEY & HESS, for appellant.

JULIUS LIMBACH, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellees Florin and Clark filed their sworn bill in the superior court against appellant Rayman for the specific performance of a contract between Clark and Rayman for the purchase by Rayman of the improvements on certain real estate of Clark and the leasing of said real estate for ninety-nine years by Clark to Rayman, with an option to purchase the fee at a certain price within a certain time, and for an injunction to restrain Rayman from prosecuting a suit in the municipal court against the complainants to recover five hundred dollars paid by him to Florin as a deposit to apply on the purchase price of said improvements. On notice to defendant an order was entered that a writ of injunction issue as prayed in the bill on complainants filing a bond, etc.

The purpose of the bill is to enforce the specific performance of a contract for the purchase of an interest in real estate, and the jurisdiction of a court of equity to enforce specific performance of such a contract is not questioned. The bill alleges that the money which Rayman by his suit in the municipal court sought to recover was paid as a deposit on the contract. The injunction is merely ancillary and is necessary to full relief if there is a contract the court will enforce specifically. A temporary injunction in such a case is warranted wherever a *prima facie* case for specific performance is shown. Chambers v. Alabama Iron

Co., 67 Ala. 353; Fry on Specific Performance, secs. 1122-1123; High on Injunctions (4th Ed.), sec. 1120.

We think that the facts stated in the bill make a *prima facie* case for specific performance.

The appeal was taken from the interlocutory order granting an injunction, and the case stands as though the defendant had demurred to the bill, and he can raise here the questions, and only the questions, which he could have raised by demurrer. Herzberger v. Barrow, 115 Ill. App. 79.

The contention of appellant here that the order granting an injunction was improper because Florin had no written authority from appellant to make the contract, cannot be sustained. The defense of the statute of frauds to a bill for the specific performance of a contract to convey land can be raised by demurrer only where it appears from the face of the bill that the contract is not evidenced by a writing duly signed. Fowler v. Fowler, 204 Ill. 82; Hamilton v. Downer, 152 Ill. 651.

If it be admitted that Florin was not a proper party complainant, the joining of him as a complainant worked no injury to the defendant and is no ground for reversing the order for an injunction. Stookey v. Carter, 92 Ill. 133.

We think that on the facts stated in the bill the chancellor properly granted a temporary injunction, and the order appealed from is affirmed.

*Affirmed.*