LOUIS LINK et al., Respondents, v. AIPLE-HEM-
MELMANN REAL ESTATE COMPANY, Appel-
lant.

**St. Louis Court of Appeals, April 7, 1914.**

1. **DURESS: Payment: What Constitutes Duress.** In general,
such compulsion or constraint as compels one to act against his
will, virtually depriving him of his free moral agency in the
premises and of power to refuse compliance with the unlawful
demand of another may constitute moral duress, regardless of
the manifestation or apprehension of force; and a payment
of money made under such circumstances is not regarded as
voluntary.

2. ———: ———: ———: **Right of Recovery.** The doctrine,
that money paid under moral duress may be recovered, sounds
in equity, and proceeds in general upon the theory that it
would be inequitable and against good conscience for money so
obtained to be withheld from the payor.

3. **BILLS AND NOTES: Negotiation After Maturity: Defenses.**
Where a promissory note is negotiated after maturity, the
transferee takes it subject to any lawful defense that may
have accrued to the maker.

4. **DURESS: Payment: What Constitutes Duress: Facts Stated.**
Plaintiff employed an attorney to pay off certain notes executed
by him, which were secured by a deed of trust on his home-
stead. The attorney paid the notes, and they were delivered
to him by the holder, indorsed in blank, together with the
deed of trust. After the notes had matured, the attorney, with-
out the knowledge or consent of plaintiff, sold them to defend-
ant, and appropriated the proceeds to his own use. In order
to prevent defendant from selling the property under fore-
closure of the deed of trust, plaintiff paid him the amount
of the notes, and then brought suit to recover such amount,
on the theory that it was paid under duress. *Held*, that whether
such payment was made under duress was a question for the
jury, notwithstanding plaintiff may have had a remedy in equity
to prevent the sale.

5. ———: ———: ———: **Instructions: Questions of Law
and Fact.** Plaintiff employed an attorney to pay off certain
notes executed by him, which were secured by a deed of trust
on his homestead. The attorney paid the notes, and they were
delivered to him by the holder, indorsed in blank, together

with the deed of trust. After the notes had matured, the attorney, without the knowledge or consent of plaintiff, sold them to defendant, and appropriated the proceeds to his own use. In order to prevent defendant from selling the property under foreclosure of the deed of trust, plaintiff paid him the amount of the notes, and then brought suit to recover such amount, on the theory that it was paid under duress. The court instructed the jury, at the instance of plaintiff, that if defendant bought the notes in question after maturity and they were sold by the attorney without plaintiff's knowledge or authority, and plaintiff, on demand, having refused to pay the notes, defendant advertised the property for sale under the deed of trust, and that, in order to prevent the sale of the land under the deed of trust, plaintiff paid the notes a second time, then he was entitled to recover. *Held*, that the instruction was erroneous, since the mere payment by plaintiff to prevent the sale of his land did not constitute duress as a matter of law, and he was entitled to recover only in the event the jury found that the facts surrounding the transaction were sufficient to constitute duress.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

REVERSED AND REMANDED.

*Wm. F. Smith* for appellant.

(1) Plaintiffs' instruction asked and given was erroneous, misleading and fatally defective, in that it omitted to submit to the jury the question as to whether or not plaintiffs had the free exercise of their will, or were constrained by the business necessity revealed to pay the money and stop the sale. The instruction given wrongfully assumes, as a matter of law that if the recited facts of the instruction are found to be true, then moral and legal duress appear, without regard to whether the facts cast a restraint upon plaintiffs sufficient to overcome the will of persons of ordinary firmness so as to destroy their free agency at the time plaintiffs paid to defendant the amount of the deed of trust by the hand of their agent, Cooper. Brown v. Worthington, 162 Mo. App. 508; Pemberton v. Wil-

liams 87 Ill. 15; Dunham v. Griswold, 100 N. Y. 224; Adams v. Nat. Bank, 116 N. Y. 606; Wooley v. Railroad (Wis.), 136 N. W. 616. It does not define legal duress, nor does it tell the jury that the alleged duress must have controlled the minds of plaintiffs at the time they paid the money to appellant in discharge of the deed of trust sixteen days before the sale was to take place through their agent, Cooper. Wood v. Telephone Co., 223 Mo. 537; Schultz v. Culbertson, 46 Wis. 313; Schultz v. Culbertson, 49 Wis. 122. (2) The instruction asked by plaintiff below and given by the court as asked purports to substantially follow the averments of fact set forth in the petition; but neither the petition nor the instruction named recites facts sufficient to constitute legal duress or coercion or mental restraint sufficient to avoid the acts done as defined by our Supreme Court in its latest opinion, either as a matter of pleading or as a matter of direction to the jury. Wood v. Telephone Co., 223 Mo. 537; Fred Rueping L. Co. v. Watke, 135 Wis. 616; Wooley v. Railroad (Wis.), 136 N. W. 616. (3) We have collected and here submit a list of authorities defining and applying the law of duress, under varied circumstances, which authorities we think will aid the court, if the court wishes to peruse them. De La Cuesta v. Ins. Co., 136 Pa. St. 62; Radish v. Hutchins, 95 U. S. 210; McAldon v. Van Alslin, 135 Ill. App. 396; Smithwick v. Whitley, 152 N. C. 369; Fred Rueping L. Co. v. Watke, 135 Wis. 616; 14 Cyc. 1123; Wooley v. Railroad (Wis.), 136 N. W. 616; Morse v. Woodworth, 155 Mass. 233; Shattuck v. Watson, 7 L. R. A. 551; Eberstein v. Willets, 134 Ill. 101; Fairbank v. Snow, 145 Mass. 153; Schultz v. Culbertson, 45 Wis. 122; Seymour v. Prescott, 69 Me. 376; Kingsbury v. Sargent, 83 Me. 230; Buck v. Axt, 85 Ind. 512; Miller v. Lumber Co., 98 Mich. 163; Buchanan v. Sahlein, 9 Mo. App. 552; Reichle v. Beuteule, 97 Mo. App. 52; Dausch v. Crane, 109 Mo. 323; Grimes v. Saunders, 93 U. S.

62; Silloman v. U. S., 101 U. S. 465; Morgan v. Joy, 121 Mo. 677; Dustin v. Farrelly, 81 Mo. App. 380; Shattuck v. Am. Cement Co., 205 Pa. St. 197; S. C., 97 Am. St. 735; Barnard v. Campbell, 58 N. Y. 73; Burnes v. Burnes, 132 Fed. 493; French v. Shoemaker, 14th Wall. 314; Ins. Co. v. Meeker, 85 N. Y. 614.

Glendy B. Arnold for respondents.

ALLEN, J.—This is an action to recover money paid by plaintiffs to defendant upon certain notes executed by plaintiffs, which, after maturity and after the same had been paid, came into the hands of the defendant; plaintiffs having paid defendant the amount of such notes to prevent the sale of their property under a deed of trust securing said notes. The cause was tried before the court and a jury, resulting in a verdict and judgment for plaintiffs, and the defendant has appealed to this court.

On June 25, 1908, plaintiffs executed and delivered to one Vogelsang and his wife their three principal promissory notes, two for $300 each and one for $400, together with certain interest notes, all secured by a deed of trust on plaintiffs' house and premises at 3525 N. Market street in the city of St. Louis. The two notes for $300 each were due and payable one year and two years respectively after date, and the note for $400 matured three years after date. About a year after the execution of such notes and deed of trust, i. e., shortly after one note for $300 had matured, plaintiffs caused all of said notes to be paid in full. It appears that the transaction respecting the payment of these notes was conducted through an attorney who represented plaintiffs, and that the payees delivered the notes and the deed of trust to such attorney. The notes, which had been endorsed by the payees in blank, were not canceled or marked paid; neither was the deed of trust securing them released

of record. It appears that the notes and deed of trust remained in the possession of this attorney until on or about October 17, 1910, at which time he sold and delivered the same to the defendant, without plaintiffs' knowledge, consent or authority, and converted the proceeds thereof to his own use. Prior to such sale to defendant an endorsement had been placed upon the back of each of the two notes which had then matured, i. e., the two notes for $300 each, purporting to extend the time of payment thereof to June 25, 1911, the date upon which the note for $400 would mature according to its terms. Such endorsement was not over the signatures of plaintiffs, and they knew nothing thereof, but was presumably made by the attorney who disposed of the notes and converted the proceeds thereof.

The note for $400 having matured June 25, 1911, and the two notes for $300 each being then due according to the spurious extensions endorsed thereupon, and plaintiffs not having complied with defendant's demand for payment of such notes, defendant, in August, 1911, proceeded to foreclose the said deed of trust upon plaintiffs' property, and caused a notice of the sale thereof under such deed of trust to be published in a newspaper in the city of St. Louis. To prevent the sale of their property under the deed of trust, plaintiffs paid to defendant the amount of all of said notes.

The above-mentioned note for four hundred dollars is not here in controversy. That note had not matured when defendant purchased it; and plaintiffs, conceding that defendant was a holder thereof in due course, did not seek to recover the amount paid defendant thereon. This suit, however, is for the recovery of six hundred dollars, the amount of the two notes for three hundred dollars each, with interest thereon, and proceeds upon the theory that the payment thereof to defendant, to prevent the sale of plain-

tiffs' property under the said deed of trust, was made under duress, entitling plaintiff to recover from defendant the amount so paid.

I. It is insisted by learned counsel for appellant that the latter's demurrer to the evidence should have been sustained upon the ground that the evidence failed to show legal duress, so as to warrant the submission of such question to the jury. We think, however, that the facts adduced in evidence were sufficient to make it a question for the jury whether the payment to plaintiff of the amount of these two notes was made under a species of duress, within the meaning of that terms as viewed by our courts. Though it be true that, at the early common law, nothing short of a reasonable apprehension of imminent danger to life, limb, or liberty was sufficient to constitute legal duress, so as to entitle one to recover back money paid under coercion, the strictness of the common law doctrine on this subject has been greatly relaxed within modern times. Thus the courts now generally recognize the doctrine that threats to destroy property, duress of goods, and acts of like character, under oppressive circumstances, may constitute duress; and that, in general, such compulsion or constraint as compels one to act against his will, virtually depriving him of his free moral agency in the premises and of power to refuse compliance with the unlawful demand of another, regardless of the manifestation or apprehension of force, may constitute what has been termed moral duress, and that a payment of money made under such circumstances will not be regarded as voluntary. The doctrine is one sounding in equity, and proceeds in general upon the theory that it would be inequitable and against good conscience for money or property so obtained to be withheld from the plaintiff. [See Brown v. Worthington, 162 Mo. App. 508, 142 S. W. 1082; Fout v. Giraldin, 64 Mo. App. 165; Wells v. Adams, 88

Mo. App. 215; Niedermeyer v. Curators of State University, 61 Mo. App. 654; Brewing Co. v. St. Louis, 187 Mo. 367, 86 S. W. 129; Westlake v. St. Louis, 77 Mo. 47; Joannin v. Ogilvie, 49 Minn. 564; White v. Heylman, 34 Pa. St. 142; Pemberton v. Williams, 87 Ills. 15; Fargusson v. Winslow, 34 Minn. 384; State v. Nelson, 41 Minn. 25.]

In Fout v. Giraldin, supra, plaintiffs mortgaged their land to secure a loan, and, as further security for the latter, assigned the rents of such land and other lands. When a part of such loan became due, plaintiffs tendered payment of all thereof, being entitled to pay all of the same at such time, but the mortgagees refused to accept such tender and to release their security unless they were paid a certain further sum of money to which they were not entitled under such circumstances. Plaintiffs, in order to secure a release, complied with the unlawful exactions of the mortgagees. This court held that the sum thus wrongfully exacted from the plaintiffs could be recovered by them, as having been paid under duress.

In Brown v. Worthington, supra, the plaintiff contracted with the defendant for the purchase of a drove of hogs at a stipulated price. In reliance upon such contract plaintiff resold the greater part of the hogs to a third person. Defendant refused to comply with his contract and deliver the hogs unless an additional sum of money were paid him, which payment plaintiff was compelled to make in order to avoid a breach of his own contract to deliver the hogs which he had sold to such third person. We there affirmed a judgment for plaintiff upon the ground that the facts warranted the jury in finding that the amount exacted by defendant, over and above the contract price, was paid by plaintiff under a species of duress.

We are referred by learned counsel for the appellant to Wood v. Telephone Co., 223 Mo. 559, 123 S. W. 6, and particularly to the language there quoted

to the effect that a charge of legal duress cannot be predicated "upon a threat to injure one's credit, to withhold payment of a debt, to refuse performance of a contract, or to foreclosure or exercise power of sale on a mortgage." While such language is there quoted, the case itself is not authority, we think, for appellant's position. No such question was there in decision as is now before us, and it cannot be said that the Supreme Court passed thereupon. The court appears to recognize the modern doctrine respecting duress, and says: "Some modern cases recognize the doctrine of threats to destroy property or duress of goods under oppressive circumstances, but whatever may be the kind of alleged duress the test of the mental condition is as above stated."

The Wood case, supra, was before this court when Brown v. Worthington, supra, was decided, as will appear by reference to the brief of appellant in the latter case; and it was evidently not deemed controlling authority for the question then before the court. And neither do we think that it is controlling upon the facts of the record now before us.

And in Brewing Co. v. St. Louis, supra, where plaintiff's only alternative was to submit to an unlawful exaction or discontinue business, the Supreme Court held that the money paid under such coercion or compulsion could be recovered as having been paid, not voluntarily, but under a species of duress. And it is there said, in effect, that the strictness of the original rule on this subject has been so far relaxed that the payment of illegal charges or exactions, constrained by urgent business exigencies, is not to be regarded as a voluntary payment, and that an action will lie to recover the money so paid.

In the case before us, the notes in question were purchased by defendant after maturity, and hence the latter took them subject to such lawful defenses as the makers might have in the premises. They had in

fact been paid in full, and were unenforceable against the plaintiffs. Plaintiffs paid the amount of such notes to prevent the sale of their property under a foreclosure of the mortgage; and this, together with the other facts and circumstances in evidence, was, we think, sufficient to make it a question for the jury as to whether such payment was made under duress. And this appears to be true even though plaintiffs may have had a remedy in equity to prevent the sale of their property for the failure to pay these notes. It has been said that even where one has a legal remedy, "where circumstances and the necessity to protect himself or his property otherwise than by resort to the legal remedy may operate as a stress or coercion upon him to comply with the illegal demand, . . . his act will be deemed to have been done under duress and not of his free will." [See Wells v. Adams, supra, l. c. 225, 226.] In all such cases, however, it is said that the test is whether a condition of mind is produced by such wrongful conduct of another as to virtually deprive one of his free agency and to destroy his power of refusing to comply with the unlawful demand. [See Brown v. Worthington, supra; Wood v. Telephone Co., supra, l. c. 559.]

II. At the request of plaintiff, the court instructed the jury that if they believed from the evidence that defendant bought the notes in question after maturity, and that they were sold by the said attorney without plaintiffs' knowledge, consent or authority, and that the endorsements thereon extending the time of payment were made without plaintiffs' direction, authority or consent, and that the proceeds of the sale thereof were not delivered or accounted for to plaintiffs, and that the latter did not consent to or ratify the sale of such notes or the said appropriations of the proceeds thereof, or the making of such endorsements thereon, and that plaintiffs on the demand of the defendant

refused to pay such notes, and that thereupon the defendant advertised plaintiffs' property for sale under the terms of the deed of trust, "and that in order to prevent the sale of their said home under said deed of trust the plaintiffs paid said notes and the sum of twenty-nine dollars as interest thereon, then the plaintiffs are entitled to recover."

This instruction—the only one given for plaintiffs —is subject to the precise criticism as was that discussed in Brown v. Worthington, supra, and beyond doubt, we think, it was reversible error to give it. It omits altogether to reckon with the ultimate fact to be found by the jury, which pertains to the condition of mind on plaintiffs' part produced by the alleged wrongful conduct of the defendant, and fails to require the jury to find that the facts hypothesized in the instruction did operate so as to virtually take away plaintiffs' free agency, or that the exercise of their free will power was thereby so far overcome that they may be regarded as having been coerced into making such payment by a species of moral duress.

As said in Brown v. Worthington, supra, this instruction seems to assume, as a matter of law, that if the facts hypothesized were found to be true, then moral duress appeared. "Such is not true unless the jury believed those facts and circumstances cast a restraint upon plaintiff sufficient to overcome the will of a person of ordinary firmness so as to destroy his free moral agency." [See also Wood v. Telephone Co., supra, l. c. 558.]

As to the crucial question involved, viz., the alleged duress, the instruction authorizes a recovery upon the finding alone that plaintiffs paid the notes in question, and interest, "in order to prevent a sale of their said home under said deed of trust." The latter, as to which there was no dispute, was insufficient; for the court could not declare, as a matter of law, that a payment made in order to prevent the sale of

plaintiffs' property was necessarily a. payment under duress. The instruction proceeds upon this theory, and is therefore fatally defective.

Other questions are raised relative to the instructions, but it is unnecessary to notice them here. For the error noted, the judgment must be reversed and the cause remanded. It is so ordered. *Nortoni, J.,* concurs; *Reynolds, P. J.,* concurs in the result.