Seward Peterson and David H. Sadin, Appellees, v.
William A. O'Neill, Appellant.

Gen. No. 33,619.

Opinion filed January 6, 1930. Rehearing denied January 20, 1930.

ERNEST A. EKLUND and FREDERICK J. BERTRAM, for appellant.

KENNETH F. SIMPSON, for appellees.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiffs, bringing suit to recover money claimed to have been paid to defendant under duress, upon hearing by the court had judgment for $200, from which defendant appeals.

Defendant moved to strike plaintiffs' second amended statement of claim, which motion was denied, and defendant electing to stand upon his motion, judgment was entered accordingly.

The statement alleged, in substance, that on or about February 15, 1927, plaintiff Peterson entered into a written contract for exchange of real estate with the defendant, the defendant agreeing to convey the property known as number 5842 North Maplewood avenue, Chicago, size of lot 30 feet by 125 feet; that thereafter in March, 1927, defendant executed his warranty deed purporting to convey said property to plaintiff, but by inadvertence or mistake failed to include therein a sufficient legal description to convey all of the property which he had contracted to convey to plaintiff, as a result of which plaintiffs' title to a strip of ground 9 feet wide across the rear of the lot was clouded, and title to the same appeared to remain in defendant, so that plaintiff had title to only 30 by 114 feet, instead of 30 by 125 feet. Plaintiff alleges he first discovered this on August 25, 1928, when an objection was raised by George H. Brocker, to whom plaintiff had contracted to sell the property; that plaintiff at once requested defendant to execute and deliver to him a quitclaim deed conveying said 9-foot strip in accordance with the terms of the contract, but that defendant, well knowing that plaintiff had contracted for the resale of the property and that the sale to Brocker was worth far more to the plaintiff than $200, wrongfully demanded and required the plaintiff to pay him $200 for the quitclaim deed; that plaintiff repeatedly protested and pointed out to defendant that he was already legally obligated to furnish said quitclaim deed and had received the consideration therefor, and that his demand for $200 was duress of property, yet the defendant insisted upon payment. Plaintiff further alleges that defendant well knew that a forfeiture of plaintiff's resale contract would involve a loss of profits to him of $1,000 and broker's commissions and other expenses of $650, so that plaintiff was obliged to and did on September 25,

1928, in order to avoid a forfeiture of his resale contract with Brocker, pay defendant $200 and then and there received from defendant a quitclaim deed conveying said 9-foot strip. The contract referred to is attached to and made a part of the statement of claim.

Counsel for the defendant in his brief presents a number of points, supported by authorities, which are not applicable. His brief is based upon the erroneous assumption that this action is brought upon the real estate contract. This action is for money had and received under duress of property and the contract is material only by way of inducement or as evidence. It was not necessary to attach either the contract or the warranty deed referred to in the statement of claim, for the allegations alone sufficiently present a claim for money had and received and paid under duress to defendant.

*Pemberton v. Williams,* 87 Ill. 15, is in point. There the purchaser had paid nearly all of the contract price and had contracted to resell, when the original seller demanded as a condition of the delivery of his deed a larger sum than that named in the contract. For fear of losing his resale the original purchaser paid the sum demanded by the original seller under protest and the deed was delivered. It was held that an action for money had and received would lie.

"It is a well-settled rule of law in this State that where one is compelled to pay money to another, who has no legal right to demand it, in order to prevent injury to his person, business or property, such payment is, in law, made under duress, and may be recovered back from the party receiving it, and it makes no difference that the payment was made with full knowledge. *City of Chicago v. Northwestern Mut. Life Ins. Co.,* 218 Ill. 40; *Rees v. Schmits,* 164 Ill. App. 250; *Pemberton v. Williams,* 87 Ill. 15; *Illinois Glass Co. v. Chicago Tel. Co.,* 234 Ill. 535; *County of LaSalle v.*

*Simmons,* 10 Ill. (5 Gilm.) 513.'' *Pittsburgh Steel Co. v. Hollingshead & Blei,* 202 Ill. App. 177.

This rule was restated in the recent case of *Illinois Merchants Trust Co. v. Harvey,* 335 Ill. 284.

It is suggested that there is a variance between the pleadings and the judgment, in that in the amended statement of claim the plaintiff is in the singular rather than the plural, yet the judgment is rendered in favor of ''plaintiffs.'' We do not see that this irregularity could result in any harm to the defendant, for the judgment, if satisfied, would bar any further action by either plaintiff Peterson or Sadin. Harmless error does not necessarily result in a reversal. *Florin v. Rayman,* 176 Ill. App. 106; *Stookey v. Carter,* 92 Ill. 129.

The judgment is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.