**Jack W. LAEMMAR, individually and as Trustee for the benefit of John L. Laemmar, and as Trustee for the benefit of Christine Laemmer, and Ada Sartodis, Plaintiffs-Appellants,**

v.

**J. WALTER THOMPSON COMPANY, a corporation, Defendant-Appellee.**

**No. 18130.**

United States Court of Appeals, Seventh Circuit.

Nov. 4, 1970.

---

same stock between 1953 and 1961. It is undisputed that all of such stock purchases were subject to an option retained by defendant to repurchase the stock if plaintiffs' employment were terminated for any reason.

Plaintiffs allege that late in 1964 or early in 1965 various officers of defendant solicited them to resell their stock either to defendant or to certain officers of defendant. Plaintiffs state that they rejected this solicitation and that subsequent thereto they were told by officers of defendant, "expressly and by innuendo," that they would be discharged from their employment unless they executed the sale in accordance with an offer then outstanding. Plaintiffs further allege that they unwillingly sold the stock to defendant in March of 1965 because of the threat of losing their employment, receiving therefor corporate notes payable over three years at six and one-half per cent interest for the purchase price offered by defendant.

Plaintiffs remained in defendant's employ until, after having notified defendant on May 8, 1969 of their desire to rescind the resale together with a tender of the purchase price (including interest) and having been refused the return of the stock, they filed a lawsuit in state court seeking rescission and were then discharged by defendant upon its receipt of a summons. Defendant timely removed the action to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1441 (a) and 1332(a) (1) on the ground of diversity of citizenship, the jurisdictional amount having been satisfied.

Defendant moved in the district court for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P., or, in the alternative, for summary judgment. The district court granted judgment for defendant on the pleadings but did not rule on the motion for summary judgment. We reverse.

Shaheen, Lundberg & Callahan, Chicago, Ill., for plaintiffs-appellants; James J. O'Meara, Jr., John M. Burke, Chicago, Ill., of counsel.

Allan J. Reniche, Barbara B. Hirsch, Chicago, Ill., Edward J. Ross, Stephen R. Lang, New York City, for defendant-appellee; Chadwell, Keck, Kayser & Ruggles, Chicago, Ill., Breed, Abbott & Morgan, New York City, of counsel.

Before SWYGERT, Chief Judge, HASTINGS, Senior Circuit Judge, and REYNOLDS, District Judge.[1]

SWYGERT, Chief Judge.

Plaintiffs were employees-at-will of defendant J. Walter Thompson Company for many years. Between the years of 1958 and 1961, plaintiff Laemmar purchased 1,000 shares of Class B common stock of the defendant corporation as trustee of certain short term trusts for the benefit of his children. Plaintiff Sartoris purchased 650 shares of the

1. Judge John W. Reynolds is sitting by designation from the United States District Court for the Eastern District of Wisconsin.

 In sum, it is the theory of plaintiffs that the agreement to sell their stock may be rescinded because they were under duress at the time of the making of the agreement. They postulate that the threatened termination of their employment so deprived them of the exercise of free will that the contract to sell the stock is rendered voidable. We agree that, as a matter of law, the threat of discharge from one's employment may constitute duress which would make voidable a contract executed while a party was under such a threat. Whether the threat did constitute duress in this instance, however, is a question of fact which must be resolved by the trier of fact upon remand.

 There is no dispute that if duress exists at the creation of a contract the requisite voluntariness of the party subject to duress is absent, rendering the agreement voidable. The Illinois rule was recently restated by the Illinois Supreme Court in Kaplan v. Kaplan, 25 Ill.2d 181, 185, 182 N.E.2d 706, 709 (1962):

> Duress has been defined as a condition where one is induced by a wrongful act or threat of another to make a contract under circumstances which deprive him of the exercise of his free will, and it may be conceded that a contract executed under duress is voidable. (Citations omitted.)

The question thus becomes whether a threat to pursue an action to which one is legally entitled may constitute duress under Illinois law if made as an inducement to execute an agreement. We conclude that it may. The Illinois case law amply illustrates the proposition that pressure generated by noncriminal acts and threatened acts of a party may constitute duress where their undoubted effect was to undermine the ability of another to refuse to execute an agreement. Chicago & A.R.R. v. Chicago, Vermilion & Wilmington Coal Co., 79 Ill. 121 (1875); Pemberton v. Williams, 87 Ill.

15 (1877); Rees v. Schmits, 164 Ill.App. 250 (3d Dist. 1911); Pittsburgh Steel Co. v. Hollingshead & Blei, 202 Ill.App. 177 (1st Dist. 1916). As the Illinois Supreme Court has observed, adopting the general theory of duress argued by plaintiffs herein:

> Under modern views and developments * * * duress is no longer confined to situations involving threats of personal injury or imprisonment, and the standard of whether a man of ordinary courage would yield to the threat has been supplanted by a test which inquires *whether the threat has left the individual bereft of the quality of mind essential to the making of a contract.* Kaplan v. Kaplan, supra, at 25 Ill.2d 186, 182 N.E.2d 709. (Citations omitted and emphasis added.)

Applying the *Kaplan* test to the facts pleaded in the verified complaint, we hold that plaintiffs' allegations of duress by means of threatened discharge from employment are legally sufficient to withstand defendant's motion for judgment on the pleadings. Whether duress actually existed in this instance must be determined by the trier of fact, however, for "the issue of duress generally is one of fact, to be judged in light of all the circumstances surrounding a given transaction." Weather-Gard Indus., Inc. v. Fairfield Sav. & Loan Ass'n, 110 Ill. App.2d 13, 22, 248 N.E.2d 794, 799 (1st Dist. 1969). Similarly, the defense of laches raised by defendants is a question of fact which must also be resolved below. Gaffney v. Harmon, 405 Ill. 273, 280, 90 N.E.2d 785, 789 (1950); Stern v. Material Serv. Corp., 44 Ill.App.2d 198, 207, 194 N.E.2d 511, 516 (1st Dist. 1963); Urban v. Brady, 86 Ill.App.2d 158, 162, 230 N.E.2d 65, 68 (1st Dist. 1967).

Accordingly, the order of the district court granting defendant's motion for judgment on the pleadings is reversed, the judgment entered thereon is vacated, and the cause is remanded.